(November 15, 1898.)

## GAMBLE v. CANADIAN AND AMERICAN MORTGAGE AND TRUST COMPANY.

[55 Pac. 241.]

SATISFACTION OF MORTGAGE—COMPLAINT—ALLEGATION OF PAYMENT—DEMURRER.—In an action under the provisions of section 3364 of the Revised Statutes to compel the discharge of a mortgage and to recover damages and penalty, the complaint must contain a direct and unequivocal allegation of payment of the amount secured by such mortgage.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

George W. Goode and L. N. B. Anderson, for Appellant.

Admitting that the complaint failed to set forth the fact "that the notes and mortgage had been fully paid and satisfied," even then the complaint would be sufficient with the allegation of tender, for whenever a mortgagor tenders to the mortgagee the full amount due under the mortgage, and the mortgagee refuses to accept the same, the lien of the mortgage is thereby discharged and the mortgagor has his statutory remedy for penalty. (*Van Husan v. Kanouse,* 13 Mich. 302; *Caruthers v. Humphry,* 12 Mich. 270; 15 Am. & Eng. Ency. of Law, 873; *Daniels v. Densmore,* 32 Neb. 40, 48 N. W. 906; *Bernard v. Harrison,* 30 Mich. 8.; *Campbell v. Seely,* 38 Mo. App. 298.) As to the essentials of a complaint of this nature, see *Sweet v. Ward,* 43 Kan. 695, 23 Pac. 941; *Steiner v. Ellis* (Ala.), 7 South. 803. As to whether or not the mortgage has been satisfied, or satisfaction tendered, is a matter of evidence and a question of fact for a jury. (*Wilbur v. Peirce,* 56 Mich. 169, 22 N. W. 316; *Stevens v. Home Sav. Assn.,* 5 Idaho, 739, 51 Pac. 779.)

Orland & Smith, for Respondent.

The appellant seems to rely upon his tender to make the allegations of his complaint sufficient to give him any standing in court. As the tender is not alleged to have been in writing,

under section 6110 of the Revised Statutes, the fact of refusal would not excuse the plaintiff from the actual production of the money.   The plea of tender is not sufficient; the plaintiff should keep his tender good, by showing his readiness at all times to pay and by bringing his money into court.   (3 Estee's Pleadings by Boone (cases cited), sec. 5361; *Weldon v. Seelye,* 8 Barb. 408; *Bryan v. Maume,* 28 Cal. 239; *Roosevelt v. Bank,* 45 Barb. 579; *Cronin v. Epstein,* 1 N. Y. Supp. 69; *Commercial F. Ins. Co. v. Allen,* 80 Ala. 571, 1 South. 202; *Wolff v. Canadian P. Ry.,* 89 Cal. 333, 26 Pac. 825; *Bissell v. Haywood,* 96 U. S. 580; *Henderson v. Cass Co.,* 107 Mo. 50, 18 S. W. 992; *Burlock v. Cross,* 16 Colo. 162, 26 Pac. 142; *Becker v. Boone,* 61 N. Y. 317.)

SULLIVAN, C. J.—This action was brought to compel the satisfaction of a certain mortgage for damages and penalty provided for by the provisions of section 3364 of the Revised Statutes.   It is alleged in the complaint that said mortgage was executed by one Chris G. Longeteig and wife in favor of the defendants Macmaster, and was thereafter assigned to the defendant the Canadian and American Mortgage and Trust Company; that on or about the tenth day of December, 1891, the said mortgagors sold and conveyed to the plaintiff, who is the appellant here, the mortgaged premises.   It is also alleged that the appellant has fully "paid and satisfied said notes and mortgage in so far as the holder of said notes and mortgage is concerned."   It is further alleged that, notwithstanding said mortgage and notes had been fully paid and satisfied, appellant did, on the fifteenth day of March, 1898, tender to said defendants above named, in lawful money of the United States, the sum of $500, and thereupon "demanded that the holder of said mortgage acknowledge and satisfy the said mortgage of record."   The defendants entered a general demurrer to said complaint, which was sustained by the court, and judgment of dismissal entered, from which judgment this appeal was taken.   The order sustaining the demurrer and the judgment of dismissal are assigned as error.

The complaint does not state a cause of action.   There was no error in sustaining the demurrer and entering the judgment

of dismissal. The allegations of the complaint, to wit, "that the said plaintiff has fully paid and satisfied the notes and mortgage in so far as the holder of said notes and mortgage is concerned," is not a sufficient allegation of the payment in full of the sum secured by the mortgage, as required in an action brought under the provisions of section 3364 of the Revised Statutes. As the record contains no error, the judgment of the court below must be sustained, and it is so ordered. Costs of the appeal are awarded to the respondents.

Huston and Quarles, JJ., concur.