(October 21, 1911.)

## THE BLACKFOOT STATE BANK, a Corporation, Appellant, v. M. P. CRISLER, Respondent.

[118 Pac. 775.]

APPEAL—SUFFICIENCY OF EVIDENCE—FAILURE TO RELEASE MORTGAGE AFTER PAYMENT—PENALTY.

(Syllabus by the court.)

1. Where there is a substantial conflict in the evidence this court on appeal will not disturb the findings and judgment of the lower court.

2. Evidence in this case examined, and *held* sufficient to support the findings and judgment.

3. In an action to foreclose a real estate mortgage, where the defense made is fraud and payment of the note and mortgage, and demand has been made for the surrender of the note and the release of said mortgage, and the trial court finds that the mortgage was fraudulent and has fully been paid, the findings of the trial court which invoke the penalty of $100 as provided in Rev. Codes, sec. 3402, and renders judgment in accordance therewith, will not be disturbed.

APPEAL from the District Court of the Sixth Judicial District for Bingham County. Hon. J. M. Stevens, Judge.

An action for the foreclosure of a real estate mortgage. Judgment for defendant and plaintiff appeals. *Affirmed.*

John W. Jones, for Appellant.

Where the verdict and findings are manifestly against the evidence, the judgment will be reversed, notwithstanding the trial court has refused to set aside the verdict. (*Works v. Kinney,* 7 Ida. 460, 63 Pac. 596; 3 Cyc. 352, and cases cited.)

The court in this action gave judgment against the plaintiff for the statutory penalty of $100 for its failure to release and satisfy this mortgage. This was clearly error. (*Port-*

*neuf Lodge etc. v. Western Loan & Savings Co.*, 6 Ida. 673, 59 Pac. 362.)

A. S. Dickinson, for Respondent.

"Where there is a substantial conflict in the evidence, the verdict of the jury or the findings of the court will not be disturbed on appeal." (*Kendrick State Bank v. N. P. Ry. Co.*, 10 Ida. 483, 79 Pac. 457; *Abbott v. Reedy*, 9 Ida. 577, 75 Pac. 764; *Sabin v. Burke*, 4 Ida. 28, 37 Pac. 352; *Coffin v. Bradbury*, 3 Ida. 770, 95 Am. St. 37, 35 Pac. 715.)

STEWART, C. J.—This is an action to foreclose a mortgage given by the respondent to the appellant to secure the payment of a promissory note for the sum of $1,500, dated March 23, 1909. The answer and cross-complaint of the respondent admit the issue and delivery of the note and mortgage as alleged in the complaint, and set forth as a defense that the note had been paid, and that it was procured by fraud of the plaintiff and one Claude Ferguson and H. C. Dipple, who had been partners in the drug business with the respondent at the time and prior to the giving of said note and mortgage. The trial court submitted to a jury in the case these two questions: First, were any false or fraudulent representations made by the plaintiff or its agent or servant to induce the defendant to execute and deliver to the plaintiff the note and mortgage upon which this action is brought? Second, has the note and mortgage upon which this suit has been brought been paid by the defendant? To both of these inquiries the jury answered in the affirmative by a written verdict.

In addition to the findings of the jury the court also made certain findings of fact in substance as follows:

"1st. That on the 23d day of March, 1909, the defendant and Claude Ferguson and Harold C. Dipple were copartners, doing a retail drug business with stores located at Blackfoot, Bingham county, Idaho, Pocatello, Bannock county, Idaho, and American Falls, Oneida county, Idaho, and that said copartnership was greatly involved in debt, the plaintiff herein

being one of its heaviest creditors, the indebtedness due it amounting to approximately $9,000.

"2d. That on that date an agreement was made and entered into among the copartners aforesaid, to sell one or more of said stores for the purpose of paying off the indebtedness, and that this fact was well known to the plaintiff, its agents and servants.

"3d. That the defendant was the owner of the real property described in the mortgage sought to be foreclosed, and that Claude Ferguson and Harold C. Dipple were the owners of certain dental instruments and office fixtures, and that it was agreed, by and between them, as such copartnership, that the defendant should assume the payment of the sum of $1,500 and the said Claude Ferguson and Harold C. Dipple the payment of a like sum of the indebtedness due plaintiff, and that plaintiff consented and agreed to this; that it was further agreed by and between said copartnership and the plaintiff that the sum assumed by the defendant should be evidenced by the note and secured by the mortgage herein sued upon, and that the sum assumed by the said Ferguson and Dipple should be evidenced by a note, secured by a mortgage on their dental instruments and office fixtures.

"4th. That D. R. Jones was at that time cashier of plaintiff bank, and had authority to bind it in relation to said matter.

"5th. That it was further agreed that in consideration of the execution and delivery of the note and mortgage herein sued upon, that the first moneys, notes or other property received by said copartnership from the sale of all or any part of its property should be applied to the payment of the note herein sued upon, and that as soon as a sufficient amount had been received, that said note should be paid in full and said mortgage released.

"6th. That the agreement mentioned in the foregoing finding was made with the full knowledge and consent of the plaintiff, and with the full knowledge, acquiescence and consent of D. R. Jones, and that the plaintiff then and there agreed that as soon as a sufficient amount of money, notes or

other property should be realized by said copartnership, from the sale of all or any part of its property, and was turned over to it that it would apply the same to the payment of the note herein sued upon, and upon the payment of the note would release the mortgage sought to be foreclosed; and that the note herein sued upon should be paid before plaintiff received one cent upon any indebtedness whatever due it by the said copartnership, or any individual member thereof, and that when same was paid plaintiff would release said mortgage and free defendant's property from the lien.

"7th.   That D. R. Jones represented to the defendant that he would fully comply with all the terms of said agreement upon the receipt of a sufficient amount of cash, notes or other property to pay off and discharge the note herein sued upon.

"8th.   That the terms of said agreement were reduced to writing, signed by the defendant and by the said Claude Ferguson and Harold C. Dipple, and by mutual agreement placed in the hands of D. R. Jones, plaintiff's cashier, for safekeeping, and that he afterwards destroyed it.

"8th.   That all the representations of the plaintiff made through its agent and servant D. R. Jones, and of the said Claude Ferguson and Harold C. Dipple to the defendant, as set out in the defendant's cross-complaint and in the foregoing findings of the court, were so made by them with the intent to deceive and to defraud the defendant.

"9th.   That the defendant, M. P. Crisler, believed said representations, and relying thereupon executed and delivered the said note and mortgage herein sued upon.

"10th.   That the said Claude Ferguson and Harold C. Dipple did not execute and deliver to the plaintiff the note and mortgage as agreed with the defendant, and that the plaintiff did not require or demand a compliance on their part with the terms of said agreement, and that this was so intended, by the plaintiff, and by D. R. Jones at the time said representations were made to the defendant.

"11th.   That on or about the 26th day of April, 1909, said copartnership sold the store at American Falls, Oneida county, Idaho, and received in payment therefor notes amounting in

the aggregate to approximately the sum of three thousand two hundred dollars, and that same was delivered to the plaintiff bank, and that it received and accepted same.

"12th.   That thereupon the defendant made due demand upon the plaintiff and upon D. R. Jones to cancel and return said note to him, and to release said mortgage, which said demand was refused by the plaintiff and by D. R. Jones, and that said mortgage has never been released up to the trial of this cause.

"13th.   That the plaintiff is a corporation, duly organized and existing under and by virtue of the laws of the state of Idaho, as alleged in its complaint."

The court further finds each of the foregoing findings of fact as a separate and distinct fact, to wit: The two findings of the jury and the further findings of the court numbered 1 to 13, inclusive, and that each finding is material to a proper disposition of this case.

Upon these findings of fact the court made conclusions of law as follows:

"1st.   That the mortgage described in the plaintiff's complaint having been procured through fraud is void, and of no force or effect whatever.

"2d.   That the defendant having complied with his part of the agreement to turn over the proceeds of sale of certain property to the plaintiff, and the plaintiff having accepted and received the same, that said note is paid and the indebtedness thereon discharged.

"3d.   That the indebtedness having been paid, which the mortgage described in the plaintiff's complaint was given to secure, and a demand made on the plaintiff to release same, and said demand having been refused by the plaintiff, the defendant is entitled to recover of and from the plaintiff the sum of one hundred dollars as penalty therefor as provided in section 3402 of the Revised Codes of Idaho.

"4th.   That the defendant is entitled to a judgment declaring the indebtedness evidenced by the note herein sued upon fully paid and that the plaintiff take nothing by reason of its

suit upon said note and mortgage, and that the defendant recover of and from the plaintiff his costs herein.''

The court thereupon entered judgment in favor of the respondent in accordance with findings of fact and conclusions of law. A motion for a new trial was made and denied, and this appeal is from the judgment and from the order overruling a motion for a new trial.

The principal argument made by appellant on this appeal is the contention that the evidence does not support the findings made by the court. We have carefully examined the evidence, and while there is some conflict, yet we think it clearly appears that the findings are supported by the evidence. The jury made findings which were adopted by the trial court, and which in substance were the same as the special findings of the trial judge. The rule in this state has been long established that where there is a substantial conflict in the evidence, this court will not disturb the findings of the lower court.

The main questions found by the trial court were: First, that the note and mortgage were procured by fraud. The fact that an agreement was made at the time the note and mortgage were executed that in consideration of the respondent's executing such note and mortgage on his individual property to secure the payment of a partnership indebtedness, in consideration of which Ferguson and Dipple would also execute a mortgage upon personal property belonging to them, also to secure partnership indebtedness, and that appellant, through its cashier and agent, agreed to and urged the respondent to make such agreement, and that the agreement was in writing, and upon conditions testified to by respondent, we think was fully established. And that such agreement was left with D. R. Jones, cashier of the appellant, and not produced at the trial, because, as he says, it was destroyed when the partnership indebtedness was settled, and the fact that Ferguson and Dipple never performed any part of their said agreement, and that the plaintiff never attempted to enforce said agreement as to Ferguson and Dipple, were circumstances which tended very strongly to prove that the respondent was fraudulently deceived into the execution of

said note. It is true that the agent of the appellant denied the making of such agreement, but it is testified to so positively by the respondent, and that he wrote into the agreement the particular part which related to his executing the note, and the things to be done by Ferguson and Dipple and the plaintiff's consent thereto, which is not denied, that we think the facts fully establish the making of such agreement and that it contained the particular matter claimed by the respondent; there certainly was no more than a conflict in the evidence.

Second, as to the question of the payment which was provided for in the same agreement made between the respondent, Ferguson and Dipple and the appellant, with full knowledge and consent of the cashier of appellant, in which it was agreed that if any of the copartnership property should be sold, the proceeds therefrom should be applied upon the individual obligation of the respondent, being the note and mortgage involved in this case, and that thereafter the copartnership sold the store at American Falls, Oneida county, Idaho, property of the copartnership, and received in payment therefor notes amounting in the aggregate to approximately the sum of $3,200, and the same were delivered to the plaintiff bank, and it received and accepted the same, but instead of applying the same upon the note and mortgage involved in this action under the agreement made between Ferguson, Dipple, the respondent and the plaintiff, such sum was applied upon the copartnership indebtedness, and the plaintiff refused to give credit upon the note and mortgage involved in this action, as per the agreement made, or return or cancel said note and release the mortgage, we think these facts were fully established and warranted the jury and the trial court in concluding that the note involved in this action was fully paid and satisfied.

Objection is also made to the conclusion of law made by the trial court and that part of the judgment to the effect that the respondent recover $100 penalty under the provisions of Rev. Codes, sec. 3402. This section of the statute has some application, and was enacted for some purpose, and in an

action to foreclose a mortgage, where it appears that the mortgage was fraudulent, or if not fraudulent has been fully paid, and demand was made for the release of the same, and the holder refuses to make release, it clearly presents a case where the statute should be enforced. We know of no stronger reasons for enforcing the statute than those appearing in the court's findings. (*Cleveland v. Western Loan & Savings Co.,* 7 Ida. 477, 63 Pac. 885; *Anderson v. Ore. Mortgage Co.,* 8 Ida. 418, 69 Pac. 130; *Gamble v. Canadian etc. Trust Co.,* 6 Ida. 202, 55 Pac. 241.)

We find no error in the record and the judgment is *affirmed.* Costs awarded in favor of respondent.

Sullivan, J., concurs; Ailshie, J., dissents.

AILSHIE, J., Dissenting.—I concur in the conclusion reached by the majority of the court except as to the judgment for $100 penalty under sec. 3402, Rev. Codes. I cannot consent to sustain the judgment for the penalty allowed. Statutes of this kind, penal in their nature, should be strictly construed, and the case ought to fall clearly within its terms before allowing a recovery. It was clearly never intended that this statute should apply to a case of dispute over the terms of a private or contemporaneous agreement like the one at issue in this case, whereby it is claimed that on the happening of certain events over which the debtor has no control, he should be relieved of future responsibility as to the security he had furnished. If the holder of a mortgage must take the risk of being mulcted in damages for penalties every time he refuses to release a mortgage the terms of which he claims have not been complied with or on which he claims the whole sum secured has not been paid, and a *bona fide* controversy arises, I think it will prove most dangerous to lenders and the holders of mortgage security.

I am in favor of inflicting the penalty provided by this statute where the holder of a mortgage wilfully neglects and refuses, after demand is made, to make a release or satisfaction of a mortgage. I am not, however, willing to join in penaliz-

ing the holder of mortgage security because he refuses to release a mortgage where there is a debatable controversy or dispute existing between the parties as to whether it has been fully paid or the contract fully complied with. I am consequently satisfied that the penalty should not be inflicted in this case.