[No. 16764. Department Two. March 13, 1922.]

ETHEL M. KRAUS, *Appellant,* v. ELIZABETH DOWELL, *Respondent.*[1]

PRINCIPAL AND AGENT (35)—POWERS OF AGENT—AUTHORITY TO COLLECT. A loan agent is shown to be the agent of the borrower, with authority to collect principal as well as interest, of a mortgage in which it was mortgagee, although it did not have possession of the mortgage note, where its practice was to make loans in its own name, indorse them to its customers, collect and remit interest, and the borrower was familiar with the practice, took a note without recording any assignment and had no dealings with the mortgagor, until after the agent had collected part of the principal and become insolvent.

Appeal from a judgment of the superior court for King county, Wright, J., entered June 18, 1921, upon findings in favor of the defendant, dismissing an ac-

[1]Reported in 204 Pac. 795.

tion to foreclose a mortgage, tried to the court. Affirmed.

*Benton Embree,* for appellant.

*James R. Chambers,* for respondent.

Hovey, J.—Appellant brought an action for the foreclosure of a mortgage upon property belonging to respondent, for the principal sum of $2,000. Respondent tendered the sum of $1,545, and the trial court entered a decree dismissing the action and cancelling the mortgage. A motion was made to dismiss the appeal because appellant withdrew the sum tendered; but in view of the disposition we propose to make of the case, it is not necessary to pass upon this.

The suit really involves the status of a $500 payment made by respondent to Joseph E. Thomas & Company upon a note and mortgage in their favor as mortgagees. This company was in the loan and real estate business and made a practice of making loans at times with their own money, and at other times with money obtained from clients. The mortgages were always taken in the name of Thomas & Company, and it looked after them even when sold, unless the purchasers required otherwise. Although respondent understood that Thomas & Company would obtain the money from some one else, she never at any time knew who the principal was, but transacted all her business with the company. Thomas & Company obtained the money for this loan from appellant, and indorsed the note to appellant, who thereafter retained it in her possession. The mortgage was placed of record on May 21, 1919. No assignment was ever made of the mortgage until November 18, 1920, when the assignee of Thomas & Company executed an assignment of the mortgage in favor of appellant. On November 19, 1919, respondent

mailed her check to Thomas & Company for the first six months' interest, and she did this again on May 17, 1920, when she paid the second installment of interest, Thomas & Company receipting her each time. These payments were remitted by Thomas & Company to appellant. On June 7, 1920, respondent paid to Thomas & Company $500 on account of the principal of the loan. This money was never paid by Thomas & Company to appellant, but some time prior to July 10, 1920, the company became insolvent, and on that date appellant for the first time communicated with respondent and asked that, in the future, interest be mailed to her, saying, "since Mr. Thomas has failed, we will do business direct with our clients." It is shown by the testimony that, in addition to the loan in question, Thomas & Company had handled four other loans for appellant and her family and she was familiar with their way of doing business.

It is contended by appellant that Thomas & Company was the agent of respondent, from the fact that respondent had their services in securing the loan and paid them a commission, and this may be true, but she further contends that afterwards, in making the interest payments and the payment of principal to the payee in the obligation, this payee continued to be respondent's agent. With this we cannot agree. Respondent was one of the parties to the transaction, and the only other party she knew in the matter was Thomas & Company. On the other hand, we think the evidence clearly shows that Thomas & Company were the agents of appellant, and when she allowed them to make her collections of interest, and while the obligation continued to stand in their names, the respondent was justified in assuming that they had authority to receive payments of principal as well as of interest.

We think that this is so well established that it is not necessary to pass upon the effect of the failure of appellant to secure and file an assignment of the mortgage.

Judgment affirmed.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.