[No. 17262.    Department Two.    August 15, 1922.]

George W. Stephens, *Appellant,* v. Mildred Parker
et al., *Respondents.*[1]

Principal and Agent (35)—Powers of Agent—Collection of
Debts—Evidence—Sufficiency.    A loan agent is shown to be the
agent of the mortgagee with authority to collect principal as well
as interest, where it appears it made the loans in its own name
payable at its office and assigned the mortgages and thereafter was
permitted to collect and remit payments, pay taxes and insurance,
make reinvestments and attend to the foreclosure of mortgages in
default.

Appeal from a judgment of the superior court for
King county, French, J., entered October 28, 1921, upon
findings in favor of the defendant, in an action to fore-
close a mortgage, tried to the court.    Affirmed.

*McClure & McClure* and *Walter S. Osborn,* for ap-
pellant.

*G. Ward Kemp* and *John S. Jurey,* for respondents.

Hovey, J.—Appellant is the record owner of a mort-
gage for twelve hundred dollars, made by respondents
in favor of Joseph E. Thomas & Company on March
30, 1918, and assigned by the mortgagee to appellant
on May 24, 1918, the assignment being recorded on May
25; but respondents never had any actual notice of any
other creditor than Thomas & Company.    The mort-
gage in question ·was given to take up in part a pre-
vious mortgage for fifteen hundred dollars, the posi-
tion of all three parties with reference to the former
mortgage being the same as to the present one.

Joseph E. Thomas & Company were a real estate
and mortgage firm, operating in Seattle, and became
bankrupt in July, 1920.    It is the same firm which was
under discussion in our recent case of *Kraus v. Dowell,*

[1]Reported in 208 Pac. 6.

119 Wash. 90, 204 Pac. 795. The appellant in the present case resided in the state of Wisconsin, and Thomas & Company transacted business with him from about the year 1909 up to their bankruptcy. During that time, Thomas & Company either loaned for appellant or sold to him loans against some eighteen borrowers, they being the mortgagees in the first instance—the instruments prepared on their forms and all sums being payable at their office. They collected all the interest and principal in the first instance, sending form notices in which no one other than themselves are named as payees, and remitted the same to appellant, and there is in the evidence a large amount of correspondence between this company and appellant showing quite intimate business relations. In one case appellant speaks of one thousand dollars which the company had collected and tells them that, if they have a good loan, to reinvest it for him; and in another instance, he writes them that he expects to have fourteen thousand dollars for them to invest for him. He asks their advice in disposing of land which he has acquired, and directs them to see about the payment of insurance premiums and taxes. The company attended to the foreclosure of a mortgage which defaulted, and it is hard to specify any act of agency of which appellant would stand in need in the business which he was conducting which Thomas & Company did not perform for him.

The question at issue in this case is the status of four payments of two hundred dollars each, made by respondents to Thomas & Company on the principal of this loan, which payments were never remitted to appellant. This case differs from the *Kraus* case, *supra,* in that the assignment in the former case was not recorded, but the agency of Thomas & Company is more abundantly established than it was in the former case.

Respondents tendered the balance due on the mortgage, after deducting the eight hundred dollars which they had paid upon the principal, and the trial court dismissed the action, with prejudice, and awarded to appellant the tender, which had been kept good by a deposit with the clerk.

We think appellant is clearly chargeable with the acts of Thomas & Company so far as respondents are concerned. The judgment is affirmed.

PARKER, C. J., MACKINTOSH, HOLCOMB, and MAIN, JJ., concur.