487 P.2d 942

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Terry RANSTROM, Defendant-Appellant.**

**No. 10689.**

Supreme Court of Idaho.

Aug. 3, 1971.

glary in the first degree. He was convicted subsequent to the following events.

On the night of September 22, 1969 the Highway Store in Aberdeen, Bingham County, Idaho, was broken into. Two Aberdeen policemen, Officers Vargeson and Horsch, began the investigation of the burglary and found a car belonging to Darlene La Chappellee behind the store. The next day, Boyd Summers, a detective for Bingham County, resumed the investigation. Summers went to Mrs. La Chappelle's home in Pocatello and learned that her nephew, Terry Ranstrom, had been using her car the previous night.

On Summers' request, Mrs. La Chappelle helped search for Ranstrom, and they found him at the Whitman Hotel in Pocatello. Summers began questioning appellant and there is some disagreement as to whether any *Miranda* warnings were given. Summers, however, testified that he gave the warnings using a card he carried as a refresher.

Summers drove appellant to Aberdeen. In the police station appellant signed a form upon which was printed the *Miranda* warning and gave a statement confessing to the burglary. Appellant contends that the waiver he signed was not read to him, but testimony given by the state's witnesses indicates that it was and that Ranstrom read the printed form.

The principal issue in the case is whether appellant's waiver of his *Miranda* rights was understandingly given. In support of his argument that there was no knowledgeable waiver, appellant argues that he was under the influence of drugs at the time of his arrest and comprehended little of what transpired. The appellant had a history of use of several drugs, and he allegedly took a capsule containing LSD the evening of September 22 (the night of the alleged burglary), the effects of which remained when he was arrested. Also, appellant testified that he had taken pills containing phenaphen and tenuate dosepan on September 23 (the next day) before he was taken into custody by Summers.

Kerr & Williams, Blackfoot, for defendant-appellant.

W. Anthony Park, Atty. Gen., Martin R. Ward, Deputy Atty. Gen., Boise, and Thomas E. Moss, Pros. Atty., Blackfoot, for plaintiff-respondent.

SPEAR, Justice.

Terry Ranstrom has appealed from the judgment of conviction in the District Court of Bingham County of the crime of bur-

A preliminary hearing was held October 9, 1969, appellant was bound over to the district court, and an information was issued October 24, 1969 charging Ranstrom with first degree burglary. A motion by appellant to suppress evidence was heard November 25, 1969 and denied.

The trial in district court began on March 17, 1970. After the jury was impaneled and prior to reading the information, defense counsel moved to amend the information by striking the words "crime of first degree burglary" because the information failed to allege that the crime occurred in the night time. The court dened appellant's motion and granted the prosecution the right to amend the information by adding the words "in the night time."

At the conclusion of the testimony, the district court instructed the jury that to find appellant guilty, the prosecution must have proven "each and every" of the state's material allegations. Ranstrom was found guilty of first degree burglary and sentenced to not more than five years in the Idaho State Penitentiary.

Appellant raises the following issues on appeal:

1. Error was committed by allowing the prosecution to introduce in evidence statements made by appellant when he was not properly given the *Miranda* warnings. Even if the warnings were given, appellant did not knowingly waive his rights since he was under the influence of drugs at the time of the interrogation.

2. The district court erred by allowing the prosecution to amend the information and add the words "in the night time," thereby changing the issues to be tried.

3. Further error resulted when the information was amended in that appellant was not arraigned on the charge as amended and was thus not given an opportunity to plead to it.

4. Appellant argues that the previously-mentioned instruction was erroneous since it might have left the jury with the impression that they could acquit only if the state failed to prove all its material allegations.

5. After the trial, defense counsel learned that a prosecution witness, Jerry Glassman, also a suspect in the crime, was not going to be prosecuted. Appellant believes that a "deal" was made for Glassman to testify against Ranstrom. Based upon this belief, defense counsel moved for a new trial arguing that new evidence had been discovered which might have affected the verdict. The motion was denied by the district court. This denial is assigned as error.

█ We have reviewed the record and issues which appellant has raised on appeal and conclude that the trial court committed no error. There can be no doubt that one actually subject to the adverse effects of drugs so as to substantially impair his consciousness or judgment can not validly waive his *Miranda* rights. However, we do not believe that the record in this case establishes that appellant's consciousness or judgment were adversely affected by any drugs to the extent that the admissions, written statement or waiver which he made or executed can be found invalid because they were not voluntarily, knowingly and intelligently given as required by *Miranda*. Testimony given by several of the state's witnesses was quite consistent and conclusive that appellant exhibited no irrationality or incoherence or other debilitating effects of drugs at this time. A full evidentiary hearing was held five months prior to trial on appellant's motion to suppress evidence of appellant's statements and confession, and briefs were submitted by the parties in which this very issue was discussed. In denying appellant's motion to suppress the district court stated:

"The record contains extensive and substantial evidence concerning the advice to the defendant of his constitutional rights and to the extent that there is no reasonable doubt but what defendant was advised of, and had independent knowledge of, his constitutional rights prior to any of the eliciting of evidence sought herein to be suppressed.

"It is also urged that the defendant is shown to have been under the influence of narcotics so that what he did could not have been done knowingly and voluntarily. But the Court is of the opinion that the record does not create a reasonable doubt as to his physical ability to comprehend and act according to the defendant's knowledge of his constitutional rights and of the advice thereto given him by the officer prior to eliciting any evidence.

"The Court finds: Acts, admissions, and confessions made by defendant to officers of the State of Idaho which were self-incriminatory in nature and might be used in evidence against the defendant were elicited only after defendant was advised of and knew of his right to counsel, his right to remain silent, and that what he might say could be used against him; that defendant was not under the influence of narcotics at any time material to this proceeding to the extent that he could not comprehend knowledge he had or was given as to his constitutional rights; that the acts, oral admissions or confessions, and written confession all were knowingly and voluntarily accomplished and given by the defendant."

The record supports the findings and conclusions of the district court, and there was no abuse of discretion in denying appellant's motion to suppress. Where there is substantial evidence to sustain the findings made by the district court, the findings will not be disturbed on appeal. State v. Hinkley, 93 Idaho 872, 477 P.2d 495 (1970); Jones v. State, 93 Idaho 859, 477 P.2d 101 (1970); Olson v. Quality-Pak Co., 93 Idaho 607, 469 P.2d 45 (1970); Thompson v. Fairchild, 93 Idaho 584, 468 P.2d 316 (1970); Jones v. Big Lost River Irrigation Dist., 93 Idaho 227, 459 P.2d 1009 (1969).

■ Appellant's objection to the trial court's allowing the prosecution to amend the information, adding the words "in the night time," is also without merit. The requirements of information and offenses to be contained in an information are the same as required in an indictment. I.C. §§ 19–1303, –1304. As relevant here, an indictment must disclose the acts constituting the offense and the offense charged. I.C. §§ 19–1409, –1411. An indictment or information may be amended at any time with leave of the court where the amendment does not prejudice the defendant's rights, but cannot be amended so as to charge an offense other than that for which the defendant has been held to answer. I.C. § 19–1420. In this case the amendment to the information did not add to nor change the offense with which appellant was charged. Rather, the amendment merely added allegations required to be in the information. I.C. § 18–1402 defines first degree burglary as every burglary committed *in the night time.* Since the information here already charged first degree burglary and commission of that offense *in the night time* is an essential element, appellant must have known that the state was contending that the act occurred at night. Additionally appellant had once been arraigned on this precise charge, i. e., burglary of the first degree. Appellant could not have been surprised nor prejudiced by the amendment.

Appellant cites two cases in support of his argument that the district court erroneously allowed the amendment to the information: State v. Grady, 89 Idaho 204, 404 P.2d 347 (1965); State v. Powaukee, 78 Idaho 257, 300 P.2d 488 (1956). *Grady* lists the several requirements of an indictment, all of which we find to have been met here. Furthermore, in *Grady* this court held that an information charging the crime of selling liquor without a license was sufficient even though it did not specifically recite that the alleged illegal sale was at retail since the information referred to the statutes dealing with the retail sale of liquors. Similarly, in the cause before us, the information charged first degree burglary, an essential element of which is that it occurred in the night time.

Neither does *Powaukee* require reversal in this case. In *Powaukee* it was held that the district court had properly denied the prosecution the right to amend the informa-

tion because the amendment would have injected new issues into the case. Such is not true here. The charge before and after the amendment was first degree burglary, predicated upon the same specified acts.

 Appellant also asserts that the last paragraph of jury instruction No. 7 was misleading. In this paragraph, the court stated:

"On the other hand, if you find from the evidence that the State has failed to prove *each and every* of said material allegations beyond a reasonable doubt, then you must find the defendant not guilty of the crime of burglary." (emphasis added)

Appellant contends that this portion of the instruction was misleading in that it did not adequately inform the jury that if the state had failed to prove any one of its material allegations then the jury must acquit. Perhaps the instruction could have been stated somewhat more clearly, but the instruction adequately conveys the principle involved and was not sufficiently ambiguous to mislead the jury.

Additionally, any juror who might have been confused by the quoted language from instruction No. 7 certainly would have had any such confusion disspelled by the following portion of Instruction No. 10:

"Before you may convict the defendant of the crime charged against him by the Information, you should require the Prosecution to prove every material allegation contained in the Information beyond a reasonable doubt; and if, after a consideration of all the evidence in the case, you entertain a reasonable doubt of the truth of any of these material allegations, then it is your duty to give the defendant the benefit of such doubt and acquit him."

 In the final issue raised on appeal, appellant contends that the trial court erroneously denied his motion for a new trial. The motion was made upon the theory that it had been discovered, after trial, that the prosecution had made a "deal" with witness

Glassman to testify against appellant. Appellant points out no facts to support this contention and it is based on nothing but conjecture and speculation. Therefore this court will not consider this issue.

Judgment of conviction of the crime of burglary in the first degree affirmed.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.