[No. D002562. Fourth Dist., Div. One. Apr. 8, 1986.]

THE PEOPLE, Plaintiff and Appellant, v.
EDWARD L. MASRY, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, Attorney General, and John A. Gordnier, Assistant Attorney General, for Plaintiff and Appellant.

Allan Sigel and Michael Ian Garey for Defendant and Respondent.

**OPINION**

**JONES, J.**\*—The People appeal following denial of a motion to reinstate a dismissed theft charge against Edward L. Masry.

### PROCEDURAL HISTORY

In a multiple-count indictment returned by the grand jury on March 28, 1980, Masry was charged with, inter alia, theft by false pretenses (Pen. Code,[1] § 532). After exercising his right to a postindictment preliminary hearing, Masry was ordered to trial. On September 11, 1981, a jury convicted him of theft. Due to juror misconduct, a new trial was ordered. Various proceedings were pending against Masry until June 14, 1984, when the California Supreme Court denied hearing following a decision from this court ordering dismissal of the theft charge on speedy trial grounds.

---

\*Assigned by the Chairperson of the Judicial Council.

[1] All statutory references are to the Penal Code unless otherwise specified.

On July 17, 1984, the People refiled the theft charge[2] pursuant to section 1388. Masry successfully asked the superior court to dismiss the complaint on the ground the statute of limitations barred prosecution of the theft charge. The court denied the People's motion under section 871.5 to reinstate the charge.

### DISCUSSION

■ The sole issue on appeal is whether the tolling provisions of section 802.5 apply here to a crime committed and charged (prosecution No. 1) before section 802.5 became effective, where the charge was later dismissed and then refiled (prosecution No. 2). For reasons we shall discuss, we conclude section 802.5 validly applies where, as here, that statute was enacted before the then applicable statute of limitations expired.

The indictment here was filed on March 28, 1980. At that time, section 800 provided: "An indictment for grand theft . . . shall be found, an information filed, or case certified to the superior court within three years after its discovery."[3] Thus, the finding of the indictment against Masry for theft tolled the further running of the statute of limitations as to that charge. (See *Anthony* v. *Superior Court* (1980) 109 Cal.App.3d 346, 358 [167 Cal.Rptr. 246]; *People* v. *Terry* (1969) 70 Cal.2d 410, 423 [77 Cal.Rptr. 460, 454 P.2d 36].) During that prosecution, specifically on January 1, 1982, section 802.5 (presently §§ 803, subd. (b), 804) became effective. That section provided that "no time during which a criminal action is pending is a part of any limitation of the time for recommencing that criminal action in the event of a prior dismissal of that action, subject to the provisions of Section 1387." In other words, the statute of limitations does not run during the time a criminal action is pending should that action be dismissed and later recommenced.

Masry correctly asserts no statute before the enactment of section 802.5 tolled the limitations period on account of a prior, dismissed prosecution. Masry further asserts section 802.5 cannot apply here without impermissible ex post facto effect because that statute became effective January 1, 1982, after the applicable three-year statute of limitations had run. However, "an *extension* of a limitations period is a change in procedure only, to which the ex post facto doctrine does not apply. [Citations.]" (*People* v. *Sample* (1984) 161 Cal.App.3d 1053, 1057 [208 Cal.Rptr. 318]; italics in original.)

---

[2]An amended complaint was filed on August 17, 1984.

[3]Section 800 has since been amended twice and presently provides a prosecution is commenced for statute of limitations purposes upon either (1) filing an indictment or information; (2) filing a complaint; (3) certification of a case to the superior court; or (4) issuing an arrest or bench warrant (§ 804).

Only where the statute of limitations had run before the amendment extending the time will the new limitations constitute an ex post facto law. (*Sobiek* v. *Superior Court* (1972) 28 Cal.App.3d 846, 851 [106 Cal.Rptr. 516].) As enunciated by Judge Learned Hand in *Falter* v. *United States* (2d Cir. 1928) 23 F.2d 420, 425-426 (cert. den. 277 U.S. 590 [72 L.Ed. 1003, 48 S.Ct. 528]): "Certainly it is one thing to revive a prosecution already dead, and another to give it a longer lease of life. The question turns upon how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he has become safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. But, while the chase is on, it does not shock us to have it extended beyond the time first set, or, if it does, the stake [*sic*] forgives it." (See also *People* v. *Eitzen* (1974) 43 Cal.App.3d 253, 267 [117 Cal.Rptr. 772]; *Sobiek* v. *Superior Court, supra,* 28 Cal.App.3d at p. 850; *People* v. *Sample, supra,* 161 Cal.App.3d at p. 1058.)

Here, when section 802.5 became effective in the middle of prosecution No. 1, the "chase" was on. Masry was not safe from pursuit. When the limitations period was lengthened by section 802.5 to include time consumed by prosecution No. 1, the statute had not run as to Masry. Masry's assertion the statute "ran" on October 15, 1981 (three years after the crime was committed), ignores the effect of section 800 which stopped the running of the statute of limitations when the indictment was found. Because the tolling provision of section 802.5 was enacted before expiration of the statute of limitations in prosecution No. 1, the theft could still be prosecuted on July 17, 1984, when the People refiled that charge. Accordingly, the statute of limitations does not bar prosecution of Masry on that charge and the court erred in failing to reinstate it.

## DISPOSITION

Judgment reversed.

Staniforth, Acting P. J., and Lewis, J., concurred.

A petition for a rehearing was denied April 24, 1986, and respondent's petition for review by the Supreme Court was denied July 31, 1986. Mosk, J., did not participate therein.