796 P.2d 121

**STATE of Idaho, Plaintiff/Respondent,**

v.

**James Francis O'NEILL,
Defendant/Appellant.**

No. 17547.

Supreme Court of Idaho.

Aug. 1, 1990.

Tway & Rosenheim, Boise, for defendant/appellant. Gustav A. Rosenheim argued.

Jim Jones, Atty. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff/respondent. Myrna A.I. Stahman argued.

McDEVITT, Justice.

On December 21, 1987, a Complaint was filed by the Ada County prosecutor charging O'Neill with two counts of lewd conduct with a minor which allegedly occurred between January and June 1983, in violation of I.C. § 18–1508. Following a preliminary hearing, O'Neill was bound over on both counts by the magistrate.

On January 25, 1988, O'Neill entered a plea of guilty to sexual abuse of a minor. The court ordered a presentence report and scheduled sentencing for February 29, 1988.

On February 5, 1988, an Amended Information was filed charging O'Neill with one count of sexual abuse of a minor in violation of I.C. § 18–1506.

On the scheduled sentencing date of February 29, 1988, the court informed all parties that based upon the presentence report, the plea agreement entered into between the state and O'Neill was unacceptable. O'Neill was allowed to withdraw his guilty plea and, on the Amended Complaint, trial was scheduled for March 7, 1988.

On March 7, 1988, the day scheduled for trial of this matter, counsel for O'Neill presented to the court an oral motion to dismiss on the basis that the statute of limitations for the offense charged had run, asserting that the offense for which O'Neill stood charged had occurred between January and June of 1983, and that at that time the statute of limitations for the offense charged was three years. The statute of limitations (I.C. § 19–402) had been amended by the Idaho State Legislature in 1985, providing for a five year statute of limitations. O'Neill argued that the statute of limitations in effect at the time of the commission of the acts for which he was charged was the controlling statute.

Thereafter, O'Neill filed a written motion to dismiss based on the statute of limitations, which was heard April 1, 1988. The district court denied O'Neill's motion to dismiss, as well as a subsequent motion for reconsideration.

On June 1, 1988, O'Neill, pursuant to Rule 11(a)(2) of the Idaho Rules of Criminal Procedure, entered a conditional guilty plea which was accepted by the trial judge in open court on June 2, 1988. The court entered a judgment of conviction, imposed a fixed five year sentence, suspended the sentence, and put O'Neill on probation.

O'Neill appeals from this judgment.

## I.

### ISSUES PRESENTED AND STANDARD OF REVIEW

The issue raised by O'Neill on appeal is whether his prosecution was barred by the provisions of I.C. § 19–402, in force at the time of the commission of the acts for which he was convicted, although subsequently amended. As this is a question of law only, we apply the standard of free review. *Clark v. St. Paul Property & Liability Ins. Co.*, 102 Idaho 756, 639 P.2d 454 (1981); *Harding v. Home Investment & Sav. Co.*, 49 Idaho 64, 286 P. 920 (1930). We are further asked to rule on the applicability of I.C. § 73–101 as to the amendment to the statute of limitations being applied to conduct occurring prior to the amendment. An additional issue has been raised on appeal by members of this Court, concerning the legality of the amendment of the Information on February 5, 1988, and the defendant being held for trial on that charge as stated in the Amended Information without a preliminary hearing pursuant to I.C. § 19–1308 and art. 1, § 8 of the Idaho Constitution, subsequent to

the amendment. The Court addresses this issue on its own initiative. *State v. Lopez*, 98 Idaho 581, 570 P.2d 259 (1977); *State v. Mowrey*, 91 Idaho 693, 429 P.2d 425 (1967).

## II.

## THE STATUTE OF LIMITATIONS

■ O'Neill argues that the three year statute of limitations in effect at the time of the commission of the acts for which he was charged (January through June 1983) is the statute of limitations that must be applied, and that the subsequent amendment of the statute of limitations applicable to those acts charged is an *ex post facto* law and therefore violates art. 1, § 10 of the Constitution of the United States of America and art. 1, § 16 of the Constitution of the State of Idaho (*see also* art. 1, § 9, cl. 3 of the Constitution of the United States of America).

At the time O'Neill committed the acts for which he was charged, I.C. § 19–402 provided:

A prosecution for any other felony than murder must be commenced by the filing of the complaint or the finding of an indictment within three (3) years after its commission. (1972)

On March 22, 1985, the Idaho Legislature amended I.C. § 19–402 to become effective July 1, 1985, to read as follows:

A prosecution for any felony other than murder or any felony committed upon or against a minor child must be commenced by the filing of the complaint or the finding of an indictment within three (3) years after its commission. A prosecution for any felony committed upon or against a minor child must be commenced within five (5) years after the commission of the offense by the filing of the complaint or a finding of an indictment.

O'Neill was first charged by a complaint filed December 21, 1987.

Thus, the issue framed and presented is whether a statute of limitation may be extended prior to the expiration of the original statute of limitations without being violative of the *ex post facto* law provisions of the United States and Idaho Constitutions.

Judge Learned Hand dealt with this issue in 1928 and engaged in an extensive analysis in the case of *Falter v. United States*, 23 F.2d 420 (2d Cir.), *cert. denied*, 277 U.S. 590, 48 S.Ct. 528, 72 L.Ed. 1003 (1928), which involved an extension of a statute of limitations from three years to six years prior to the expiration of the original three year statute. Judge Hand found this extension permissible under the United States Constitution.

The United States Ninth Circuit Court of Appeals in 1959 also held that the extension of a statute of limitations prior to the expiration of the original statute was not an *ex post facto* law and was not unconstitutional. *Clements v. United States*, 266 F.2d 397 (9th Cir.), *cert. denied*, 359 U.S. 985, 79 S.Ct. 943, 3 L.Ed.2d 934 (1959). That Court held as follows:

It did not render a previously innocent act criminal. This statute did not aggravate or increase the punishment for the crimes here involved. The enactment did not alter the rules of evidence. An innocent act was not thereby penalized while assuming to regulate civil rights and penalties. Nor was the accused deprived thereby of some protection or defense previously available.

*Clements v. United States*, 266 F.2d at 399. *See also*, 2 N. Singer, *Statutory Construction*, § 42.06, at 456 (4th ed. 1986); *People v. Lewis*, 180 Cal.App.3d 816, 225 Cal.Rptr. 782 (4th Dist.1986); *People v. Masry*, 179 Cal.App.3d 1149, 225 Cal.Rptr. 174 (4th Dist.1986); *People v. Holland*, 708 P.2d 119 (Colo.1985); *State v. Norton*, 675 P.2d 577 (Utah 1983), *cert. denied*, 466 U.S. 942, 104 S.Ct. 1923, 80 L.Ed.2d 470 (1984); *United States ex rel. Massarella v. Elrod*, 682 F.2d 688, 689 (7th Cir.1982), *cert. denied*, 460 U.S. 1037, 103 S.Ct. 1426–427, 75 L.Ed.2d 787 (1983); *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977); *Vasquez v. State*, 557 S.W.2d 779, 781 n. 2 (Tex.Crim.App.1977); *People v. Pfitzmayer*, 72 Misc.2d 739, 740–42, 340 N.Y.S.2d 85, 86–88 (1972).

In *State v. Hodgson*, 108 Wash.2d 662, 740 P.2d 848 (1987), *cert. denied*, 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 277 (1988), the Washington Supreme Court engaged in an extensive analysis, and held:

As a general proposition, it may be stated that there is no such thing as a common law statute of limitation in criminal cases. Such statutes of limitation are matters of legislative grace; they are a surrendering by the sovereign of its right to prosecute. Since they are measures of public policy only, and subject to the will of the Legislature as such, they may be changed or repealed in any case where the right to a dismissal has not been absolutely acquired by the completion of the running of the statutory period of limitation.

This is not to say that a prosecution once barred by the running of the applicable statute of limitation can be revived by the Legislature; it cannot be. The classic explanation is that of Judge Learned Hand:

Certainly it is one thing to revive a prosecution already dead, and another to give it a longer lease of life. The question turns upon how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he has become safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. But, while the chase is on, it does not shock us to have it extended beyond the time first set, or, if it does, the stake forgives it.

Accordingly, "[u]ntil the statute has run it is a mere regulation of the remedy ... subject to legislative control. Afterwards it is a defense, not of grace, but of right, not contingent, but absolute and vested, ... not to be taken away by legislative enactment." In the cases before us, none of the offenses in question were time barred at the time the new statutes of limitation were enacted and became effective, therefore, each new statute became the one applicable. None of the prosecutions before us was time barred at the time they were commenced.

Thus, where a statute extends a period of limitation, or provides for the tolling thereof, it applies to offenses not barred at the effective date of the act, so that a prosecution may be commenced at any time within the newly established limitation period although the original period of limitation had by then expired.

Similarly, the legislative extensions of the statute of limitation did not violate the ex post facto prohibitions contained in our federal and state constitutions. Most courts that have considered this issue have so held.

*Hodgson*, 740 P.2d at 851–52. (Footnotes and citations omitted.)

We adopt the reasoning of *Clements v. United States* and *State v. Hodgson*.

As the statute of limitations in effect at the time of the commission of the acts with which O'Neill is charged had not run, the extension of that time by the legislature is not an *ex post facto* law.

### III.

### APPLICABILITY OF I.C. § 73–101 (RETROACTIVE APPLICATION)

■ The argument is presented to this Court that I.C. § 73–101, which provides that "[n]o part of these compiled laws is retroactive, unless expressly so declared," prohibits the application of the five year statute of limitations to the acts of the defendant committed at the time when a shorter (three year) statute of limitations was in effect. This contention, it is argued, is supported by *Mellinger v. State*, 113 Idaho 31, 740 P.2d 73 (Ct.App.1987), *review denied*, and *State v. Lindquist*, 99 Idaho 766, 589 P.2d 101 (1979).

*Mellinger v. State* and *State v. Lindquist* do not afford the support for this argument urged by its proponents. *Mellinger* involved an imposition of a limit of five years following conviction during which post-conviction relief could be sought. This limitation was imposed after the conviction of *Mellinger*. The Court of Appeals held that applying this limitation

to *Mellinger* was permissible and did not violate the provisions of I.C. § 73–101, although prior to the imposition of the five year limitation there had been no time limitations at all. The Court of Appeals stated that the argument of the appellant in *Mellinger* was that "under Mellinger's interpretation, a party convicted prior to 1979 would never be restricted as to filing a post-conviction relief petition; no reasonable time limit on the filing of a petition could ever be established." *Mellinger,* 113 Idaho at 33, 740 P.2d at 75.

In *State v. Lindquist,* the defendant was sentenced under a death penalty in effect in February of 1976, which was subsequently found to be unconstitutional. This Court was urged to apply the sentencing statute that had been adopted by the legislature in 1977 retroactively to the conviction and sentencing of Lindquist. *State v. Lindquist* does not support the rationale urged upon this Court, as in this case the amended statute of limitations is applied prospectively, not retroactively. To adopt the argument of an application of I.C. § 73–101 to this case would require a holding that criminal conduct committed at a definite time embraced within it the statute of limitations in force at the time of the criminal act. This Court would be required to hold that the violation of a statute by an individual conferred upon that individual at the time of the violation of the statute, a "bundle of rights" which included the then statute of limitations, which rights were vested at the time of the violation of the statute and could not be altered or amended by the legislature. We cannot accept this reasoning. This argument was also rejected in *Mellinger v. State.* The statute of limitations had not run on the acts committed by O'Neill at the time of the amendment of the statute of limitations to the longer five year term. Therefore, the application of the statute was prospective, not retroactive. Idaho Code § 73–101 does not preclude the legislature from amending the statute of limitations applicable to a given individual after the individual has committed a crime, but prior to the running of the statute of limitations in existence at the time of the commission of the crime.

## IV.

### THE AMENDED INFORMATION

On December 21, 1987, a complaint was filed alleging that O'Neill had committed the crime of lewd conduct with a minor in violation of I.C. §§ 18–6607 and 18–1508, on two counts. O'Neill waived his right to a preliminary hearing and was bound over to district court on January 21, 1988. On January 22, 1988, he was arraigned on an Information, again charging violations of I.C. §§ 18–6607 and 18–1508.

On January 25, 1988, O'Neill entered a conditional plea of guilty to one count of sexual abuse of a minor in violation of I.C. § 18–1506, based on the facts alleged in both the original and Amended Information. Idaho Code § 18–1506 is a lesser included offense of the crimes charged in the original Information.

Pending the receipt of a presentence report as ordered by the trial court, on February 5, 1988, the State filed an Amended Information charging O'Neill with a violation of I.C. § 18–1506, the charge to which he had entered his conditional plea of guilty.

On February 29, 1988, the trial court, after reviewing the presentence report, advised O'Neill that it could not accept the proffered plea. O'Neill withdrew the guilty plea and was ordered to stand trial on March 7 of that year on the Amended Information charging a violation of I.C. § 18–1506.

Although not raised by either of the parties on this appeal, the question has arisen in review of the matter as to the propriety of the Amended Information and the ordering of O'Neill to stand trial on that Amended Information absent a preliminary hearing as provided for in I.C. § 19–1308 and art. 1, § 8 of the Constitution of the State of Idaho. If the conduct herein described violated the above code section or constitutional provision, it is asserted that the district court would be without jurisdiction to deal with O'Neill on the Amended Information.

The pertinent provision of I.C. § 18–1506, under which O'Neill was charged in the Amended Information, reads as follows:

**18–1506. Sexual abuse of a child under the age of sixteen years.**—(1) Any person eighteen (18) years of age or older who shall:

(a) solicit a minor child under the age of sixteen (16) years to participate in a sexual act, or

(b) who shall cause or have sexual contact with such a child, not amounting to lewd conduct as defined by section 18–1508, Idaho Code, ...

(2) For the purposes of this section "solicit" means any offensive written, verbal, or physical act which is intended to communicate to the child the actor's desire to participate in a sexual act or participate in sexual foreplay, ...

(3) For the purposes of this section "sexual contact" means any physical contact between the child and the actor, ... any of which is intended to gratify the lust or sexual desire of the actor or a third party.

The acts comprising a violation of I.C. § 18–1506 as set forth and alleged in the Amended Information are the same acts with which O'Neill was charged in the original Complaint and original Information alleging violation of I.C. § 18–1508.

This Court has dealt with this issue previously. In the case of *State v. Mickey*, 27 Idaho 626, 150 P. 39 (1915), the Supreme Court held: "the facts alleged rather than the designation of the offense, control." *State v. Mickey, id.* at 631, 150 P. at 40.

In *State v. McKeehan*, 91 Idaho 808, 430 P.2d 886 (1967), this Court held as follows:

An accused is denied, therefore, his constitutional right to a preliminary hearing where an information is filed or subsequently amended charging him with a crime of a greater degree or of a different nature than that for which he was held by the committing magistrate.

It is, additionally, in this state, specifically provided by statute that a different and distinct offense may not be charged by way of amended information. I.C.

§ 19–1420. See, *State v. Thompson* [392 S.W.2d 617 (Mo.1965).]

However, we conclude that the amendment permitted in the present case did not have the effect of charging a greater or different offense such that the appellant was denied his constitutional and statutory right to a preliminary hearing within the holdings of the cases above cited. Nor do we find the amendment to the information prohibited by statute.

\* \* \* \* \* \*

The original complaint filed with the justice court thus charged both aggravated assault and aggravated battery, and, consequently, the amendment of which appellant complains did not have the effect of prejudicing any substantial right of the appellant since the amendment was one of form only and not substance.

*State v. McKeehan*, 91 Idaho at 817–18, 430 P.2d at 895–96 (footnote omitted).

In *State v. Ranstrom*, 94 Idaho 348, 487 P.2d 942 (1971), the Court again dealt with the issue of amending an Information and an analysis of I.C. § 19–1420. The Court held:

In this case the amendment to the information did not add to nor change the offense with which appellant was charged. Rather, the amendment merely added allegations required to be in the information. I.C. § 18–1402 defines first degree burglary as every burglary committed *in the night time*. Since the information here already charged first degree burglary and the commission of that offense *in the night time* is an essential element, appellant must have known that the state was contending that the act occurred at night. Additionally appellant had once been arraigned on this precise charge, i.e., burglary of the first degree. Appellant could not have been surprised nor prejudiced by the amendment.

*Ranstrom*, 94 Idaho at 351, 487 P.2d at 945 (emphasis in original).

In this case, O'Neill had pled guilty to violating I.C. § 18–1506 upon the same facts alleged in the original Information and the Amended Information. He clearly

understood the acts for which he was being charged. No different facts were alleged in the Amended Information. Violation of I.C. .§ 18–1506 is a lesser included offense when an individual is charged with violations of I.C. § 18–1508. O'Neill was not being charged with a totally different crime, nor any acts different than those originally alleged. In point of fact, the Amended Information formally charged him with a crime that was punishable by ten years in prison as opposed to I.C. § 18–1508 which is punishable by "a term of not more than life."

We do not find in this case the Amended Information to have violated the provisions of I.C. § 19–1420, nor art. 1, § 8 of the Idaho Constitution.

We affirm the judgment of the district court.

BAKES, C.J., BOYLE, J., and McFADDEN, J. Pro Tem., concur.

BISTLINE, Justice, dissenting.

The Court, methinks, errs. When the applicable statute of limitations had run, the State was precluded from attempting to convict O'Neill for acts allegedly committed in 1983, especially by filing an amended information which charged a crime different from the crime initially alleged in the complaint and the ensuing information. The following is an opinion which unfortunately did not attract the requisite number of votes. Notwithstanding that, the Court's rules require that I comply with the majority, or have the opportunity to write an additional opinion. Right is right, so the saying goes in North Idaho:

1. O'Neill agreed to plead guilty prior to being charged under I.C. § 18–1506 (see Part III of this opinion) in exchange for a lenient sentence recommendation by the prosecution. However, after reviewing the presentence report the court did not accept this plea. The defendant then withdrew his guilty plea and filed a motion to dismiss the charge on the ground that the statute of limitations had run. This motion was denied, and O'Neill entered a conditional guilty plea. He was convicted, sentenced, and this appeal followed.

2. The 1972 version of the statute states: "A prosecution for any other felony than murder must be commenced by the filing of the complaint or

The defendant, James Francis O'Neill, was convicted on a conditional plea of guilty of one count of sexually abusing a child, which is a felony. I.C. § 18–1506. According to the amended information, the sexual abuse occurred between January and June of 1983. O'Neill filed a motion in district court to dismiss the charge against him, on the ground that the applicable statute of limitations had run.[1] In 1983, the year in which the crime was allegedly committed, the governing statute of limitations provided that the prosecution must act, by filing a complaint or by the finding of an indictment, within three years from the commission of the crime. I.C. § 19–402 (1972).[2] The complaint, alleging that O'Neill violated I.C. §§ 18–6607 and 18–1508, was filed December 21, 1987. The prosecution filed the amended information that charged O'Neill with violating I.C. § 18–1506 on February 5, 1988. The complaint and the amended information cited to different statutory crimes, but both were brought more than three years after the alleged crime(s) occurred. Therefore, these charges would be time barred by the statute of limitations applicable to the crime when the acts allegedly occurred. However, an amendment to I.C. § 19–402 was enacted by the legislature March 22, 1985. This amendment extended the time for commencement of a prosecution, by either the filing of a complaint or the finding of an indictment, from three years to five years. I.C. § 19–402 (1985).[3] The 1985 amendment extending the statute of limitations be-

the finding of an indictment within three (3) years after its commission." I.C. § 19–402 (1972).

3. The 1985 version of the statute states: "A prosecution for any felony other than murder or any felony committed upon or against a minor child must be commenced by the filing of the complaint or the finding of an indictment within three (3) years after its commission. A prosecution for any felony committed upon or against a minor child must be commenced within five (5) years after the commission of the offense by the filing of the complaint or a finding of an indictment." I.C. § 19–402 (1985).

came effective July 1, 1985—before the 1972 three year statute of limitations had run on the charged crime.[4] Therefore, if the 1985 amendment was applied retroactively, i.e., to crimes which were committed before July 1, 1985, the applicable statute of limitations would be five instead of three years, and the prosecution against O'Neill which began in 1987 would have been commenced before the statute of limitations had run.

## I. ISSUES PRESENTED AND STANDARDS OF REVIEW

The issue presented by O'Neill is whether the prosecution was barred by the applicable statute of limitations. As this is a question of law, we apply the standard of free review. *Standards of Appellate Review in State and Federal Courts,* Idaho Appellate Handbook § 3.2.1 (Idaho Law Foundation, Inc.1985). Part II of this opinion deals with this statute of limitations question.

There is another issue presented by this case which we consider it necessary to discuss. This issue also presents a question of jurisdiction, which may be properly raised by an appellate court of its own initiative. *State v. Lopez,* 98 Idaho 581, 570 P.2d 259 (1977); *State v. Mowrey,* 91 Idaho 693, 429 P.2d 425 (1967). Part III,

*infra,* will discuss I.C. § 19–1420 in relation to the amended information. The amended information alleged a different crime than the crime alleged by the complaint and original information. For the reasons discussed in Part II and Part III, I vote to vacate the judgment of conviction and remand to the district court with directions to dismiss the charge against O'Neill.

## II. THE STATUTE OF LIMITATIONS

O'Neill argued before the district court that the retroactive application of the 1985 statute of limitations to the charge against him is prohibited by the provisions of I.C. § 73–101. The district court, in a written decision, determined that the longer statute of limitations was properly applied because there was no constitutional prohibition to its application. The court's decision did not address the import of I.C. § 73–101. While the district court was correct when it determined that the application of the 1985 version of the statute of limitations does not violate the constitutional prohibition against ex post facto laws,[5] it nevertheless remains to be determined whether the legislature required or intended the 1985 statute of limitations to apply to crimes which occurred in 1983. As the Washington Su-

---

4. See I.C. § 67–510, which determines the effective dates of statutes and resolutions.

5. By art. I, § 10 of the United States Constitution and art. 1, § 16 of the Idaho Constitution Idaho is forbidden to pass any ex post facto law. An early but dispositive description of what laws are not proper because of the ex post facto law prohibition can be found in *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648, 650 (1798). *See also Collins v. Youngblood,* — U.S. —, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).

Judge Learned Hand relied upon a "vested rights" approach to determine that, where the old statute of limitations has not run, the application of a new and longer statute of limitations does not run afoul of the ex post facto law prohibition. *Falter v. United States,* 23 F.2d 420 (2d Cir.1928), *cert. denied,* 277 U.S. 590, 48 S.Ct. 528, 72 L.Ed. 1003 (1928). This vested rights approach was finally rejected by the United States Supreme Court in *Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Vested rights analysis is inappropriate here because it is a concept borrowed from the analysis

of retrospective laws in the civil context. Moreover,

> [w]hen a court engages in ex post facto analysis, which is concerned solely with whether a statute assigns more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred, it is irrelevant whether the statutory change touches any vested rights.

*Weaver,* 450 U.S. at 29 n. 13, 101 S.Ct. at 965 n. 13. Our review of the United States Supreme Court's definitions of ex post facto laws in *Calder v. Bull* and in *Weaver v. Graham* convinces us that before a statute of limitations for a particular criminal offense runs the Idaho legislature does have the power to extend the limitations period without violating art. 1, § 16 of the Idaho Constitution or the United States Constitution. In this case, the 1985 amendment extending the statute of limitations to five years became effective before the old three year statute of limitations period had expired. There is therefore no constitutional reason why the new five year statute of limitations could not be applied to crimes committed in 1983.

preme Court in *State v. Hodgson*, 108 Wash.2d 662, 740 P.2d 848 (1987), correctly asserted:

> As a general proposition, it may be stated that there is no such thing as a common law statute of limitation in criminal cases. Such statutes of limitation are matters of legislative grace; they are a surrendering by the sovereign of its right to prosecute.... [T]hey are measures of public policy only, and subject to the will of the Legislature as such....

*Hodgson*, 740 P.2d at 851 (footnotes omitted). The question to be resolved, then, is whether the legislature required or intended the statute of limitations as amended in 1985 to apply retroactively, *i.e.*, to any charges for felony crimes (other than murder) committed before July 1, 1985, the effective date of the amendment.

The legislature decided long ago that statutes would not be retroactive unless the legislature explicitly demanded this application.[6] No intent will therefore be inferred without an explicit command from the legislature to give a new or amended statute retroactive effect. Title 73 of the Idaho Code, entitled "General Code Provisions," includes I.C. § 73–101, and this section clearly states:

> **Codes not retroactive.**—No part of these compiled laws is retroactive, unless expressly so declared [by the legislature].

The 1985 amendment to the statute of limitations does not state that it is to be applied retroactively.

In 1989, the statute of limitations was amended once again. The current version of I.C. § 19–402 includes this proclamation of legislative intent:

> It is the intent of the legislature that extension of the provisions of section 19–402, Idaho Code, shall apply to all cases for which the statute of limitations has not yet expired. The legislature specifically declares that it is the public policy

of the state that such an extension is not an ex post facto law.

Act of April 3, 1989, ch. 270, 1989 Idaho Sess. Laws 658. The 1989 amendment requires that "[a] prosecution under § 18–1506 or § 18–1508, Idaho Code, must be commenced within five (5) years after the date the child reaches eighteen (18) years of age." I.C. § 19–402 (1989). This amendment took effect after the 1985 version of the statute of limitations had expired on the crime O'Neill allegedly committed in 1983. Nevertheless, the State urges us to infer from the legislature's statement of intent in 1989 that the 1985 amendment should be applied retroactively. We decline the invitation to narrowly construe the express declaration of the legislature contained in I.C. § 73–101.

Both this Court and the Court of Appeals have recognized the forceful and clear command of the legislature enshrined in I.C. § 73–101. *See Mellinger v. State*, 113 Idaho 31, 740 P.2d 73 (Ct.App.1987) (*review denied* 1987); *State v. Lindquist*, 99 Idaho 766, 589 P.2d 101 (1979). For very compelling reasons, stated by Chief Justice Bakes for a majority of this Court in the *Lindquist* opinion, we cited to I.C. § 73–101 and declined to apply an amended version of Idaho's death penalty statute. The amendment did not affirmatively require retroactive application. We justified our decision in *Lindquist* with these words:

> [T]he principles of law to which we must adhere today are the same principles which preserve this Court as an institution of justice according to the law—not according to the whims or visceral feelings of judges—and which protect every citizen of this state and nation from the peril of arbitrary and unbridled legislative and judicial power.

*Lindquist*, 99 Idaho at 772, 589 P.2d at 107.

---

6. The first version of what is now I.C. § 73–101 can be found in the General Laws of the Territory of Idaho, compiled in 1881. Initially, the provision applied only to the Code of Civil Procedure. *See* C.C.P. 1881, § 2. However, beginning with the 1887 Revised Statutes of the Idaho Territory the provision applied to all of the

Codes. *See* R.S. § 3 (1887). The 1887 Codes included § 7501, which stated that "[a]n indictment for any other felony than murder must be found within three years after its commission." R.S. § 7501 (1887). Section 7501 is the predecessor of I.C. § 19–402, the statute of limitations at issue.

This holding is also supported by the principle that criminal statutes of limitation are to be liberally construed in favor of the accused. As the United States Supreme Court explained in *Toussie v. United States*, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970):

> The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature had decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity.

*Toussie*, 397 U.S. at 114–15, 90 S.Ct. at 859–60. For the reasons discussed above, the version of the statute of limitations in effect in 1983 applies, *i.e.*, I.C. § 19–402 (1972), and the State is therefore precluded from prosecuting O'Neill in 1987 for an act allegedly committed in 1983 in violation of I.C. § 18–1506.

### III. THE AMENDED INFORMATION AND I.C. § 19–1420

The discussion of the applicable statute of limitations is sufficient to decide this controversy. However, there is another troubling aspect to this case that requires attention. The record reveals that O'Neill was convicted on charges laid against him in an improperly amended information, and other improper procedures.

December 21, 1987, the State filed a complaint alleging that O'Neill had committed the crime of lewd conduct with a minor. O'Neill waived his right to a preliminary hearing and was bound over to district court on January 21, 1988. He was arraigned on an information charging violations of I.C. §§ 18–6607 and 18–1508 on January 22, 1988. However, on January 25 the district judge accepted O'Neill's condi-

tional guilty plea to one count of sex abuse of a minor, I.C. § 18–1506.

Eleven days later, on February 5, the prosecution filed an amended information charging O'Neill with a violation of I.C. § 18–1506, the charge to which he had already entered his conditional plea of guilty. The district court, after reviewing the presentence report, decided on February 29 that it could no longer accept the plea bargain. O'Neill withdrew his plea of guilty, and trial on the charge alleged in the amended information was scheduled to begin March 7. That morning, O'Neill orally moved the court to dismiss the charge against him on the ground that the applicable statute of limitations had run. A written motion was submitted by O'Neill March 21, and was argued before the district court April 1.

On May 1 the trial court in a written decision denied O'Neill's motion. June 2, O'Neill entered another conditional plea of guilty, reserving the statute of limitations issue for appeal. The district court entered a judgment of conviction and imposed a suspended sentence of five years and placed O'Neill on probation for five years. He was also ordered to serve ninety days in the Ada County jail, with work release privileges, and to provide 200 hours of service to the community. The time in jail, but no other aspect of the sentence, was suspended pending the outcome of this appeal.

Review of the lower court procedure in this case reveals a disturbing fact. On February 5 the State replaced the charge of lewd conduct with a minor, which was the charge originally in the information filed against O'Neill, with a charge of sex abuse of a minor. The State may, pursuant to I.C. § 19–1420, amend an information either in form or substance at any time before the defendant enters a plea. *See State v. Thompson*, 392 S.W.2d 617 (Mo. 1965), cited with approval in *State v. McKeehan*, 91 Idaho 808, 430 P.2d 886 (1967). The requirements of I.C. § 19–1420 are clear:

> An indictment or information may be amended by the prosecuting attorney

without leave of the court, at any time before the defendant pleads, and at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant. An information or indictment cannot be amended so as to charge an offense other than that for which the defendant has been held to answer.

The amended information must charge the same crime as charged initially. *Thompson,* 392 S.W.2d at 621. An information cannot be amended so as to charge an offense other than that for which the defendant has been held to answer. *State v. Ranstrom,* 94 Idaho 348, 351, 487 P.2d 942, 945 (1971); I.C. § 19–1420. A different and distinct offense may not be charged by way of an amended information. *State v. McKeehan,* 91 Idaho 808, 817, 430 P.2d 886, 895 (1967). Here, the amended information charged the defendant under a statute wholly unmentioned when O'Neill was initially charged in magistrate court. Yet, he was held to answer on this unmentioned charge.

Further, I.C. § 19–1308 provides that "[n]o information shall be filed against any person for any offense until such person shall have had a preliminary examination ... unless such person shall waive his right to such examination...." The right to a preliminary hearing is provided in art. 1, § 8 of the Idaho Constitution.[7] O'Neill did waive his right to a preliminary hearing when he was charged with violating I.C. §§ 18–1508 and 18–6607. However, he did not waive his right to a preliminary hearing on a charge of violating I.C. § 18–1506. In order to obtain jurisdiction to prosecute O'Neill under § 18–1506, a complaint had to be filed after which O'Neill would have the opportunity to proceed through or waive a preliminary hearing before he could be bound over to district court. *Noel v. State,* 113 Idaho 92, 93, 741 P.2d 728, 729 (Ct.App.1987).

Where it is clearly shown by the appeal record that there is an absence of jurisdiction, this Court has no alternative but to remand with instructions to dismiss. For the reasons hereinabove discussed, I vote to vacate the judgment and remand with instructions to dismiss the charge against O'Neill.

---

7. Art. 1, § 8 provides: "No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate...."