**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35115**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2010 Opinion No. 19** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: March 24, 2010** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| DIEGO MORALES PEREGRINA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Darla S. Williamson, District Judge.

Judgment of conviction for two counts of aggravated battery, both enhanced for the use of a firearm, affirmed.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Diego Morales Peregrina appeals from his judgment of conviction for two counts of aggravated battery, both with enhancements for the use of a firearm during the commission of aggravated battery.  For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Peregrina engaged in a verbal confrontation with two men at a child's birthday party.  Later that night, Peregrina returned and continued the exchange, eventually pulling a gun and shooting one man in the face and another in the chest in rapid succession.  Both victims survived.  Peregrina fled and was later apprehended by police and charged with two counts of aggravated battery, I.C. §§ 18-903(a) and 18-907(b), with each count enhanced for use of a firearm or deadly weapon during the commission of a felony, I.C. § 19-2520, as well as unlawful possession of a firearm, I.C. § 18-3316.  After a jury trial, Peregrina was found guilty of all charges.  The district

court sentenced Peregrina to consecutive, fixed terms of ten years for each count of aggravated battery enhanced by an indeterminate term of ten years for each count for the use of a firearm during the commission of a felony. The district court also sentenced Peregrina to concurrent fixed terms of five years for unlawful possession of a firearm.[1] Peregrina filed an I.C.R. 35 motion for reduction of his sentences, which was denied by the district court. Peregrina appeals.

## II.

## ANALYSIS

Peregrina argues that the district court erred by applying two enhancements for use of a firearm during the commission of a felony. He contends that I.C. § 19-2520E prohibits the application of two enhancements because both aggravated batteries arose out of an indivisible course of conduct.[2] Peregrina argues that the state provided insufficient evidence at trial to support a finding that the aggravated batteries arose out of a divisible course of conduct and, furthermore, the factual determination of whether the crimes arose out of an indivisible course of conduct should have been submitted to the jury. The state responds that I.C. § 19-2520E provides an affirmative defense that Peregrina waived by failing to raise it prior to sentencing.

First, we consider Peregrina's argument that the district court made an implicit finding that the crimes arose out of a divisible course of conduct when it applied both sentence enhancements. The district court made no such factual determination. Furthermore, neither party raised the issue of the divisibility of Peregrina's conduct or requested a jury instruction on that issue. It does not appear to have been addressed at all. Therefore, the issue to be determined is a legal question of whether Peregrina or the state bore the burden of raising the issue in the district court and requesting an appropriate jury instruction. Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

---

[1]    Peregrina does not challenge his judgment of conviction or sentence for unlawful possession of a firearm. Accordingly, we do not address that portion of his judgment of conviction.

[2]    Idaho Code Section 19-2520E provides:

> Notwithstanding the enhanced penalty provisions in sections 19-2520, 19-2520A, 19-2520B, and 19-2520C, Idaho Code, any person convicted of two (2) or more substantive crimes provided for in the above code sections, which crimes arose out of the same indivisible course of conduct, may only be subject to one (1) enhanced penalty.

Peregrina was charged under I.C. §§ 18-903(a) and 18-907(b) with two enhancements under I.C. § 19-2520. Idaho Code Section 18-903(a) defines a battery as the "willful and unlawful use of force or violence upon the person of another." Idaho Code Section 18-907(b) provides that aggravated battery occurs when a perpetrator "uses a deadly weapon or instrument." Idaho Code Section 19-2520 provides, in pertinent part:

> Any person convicted of a violation of . . . 18-907 (aggravated battery defined), . . . Idaho Code, who displayed, used, threatened, or attempted to use a firearm or other deadly weapon while committing or attempting to commit the crime, shall be sentenced to an extended term of imprisonment. The extended term of imprisonment authorized in this section shall be computed by increasing the maximum sentence authorized for the crime for which the person was convicted by fifteen (15) years.

Pursuant to the information, the state had to prove that Peregrina committed two aggravated batteries and that, while committing such crimes or attempting to do so, he used a firearm. Under these sections, the state is not required to prove to the jury that the crimes arose out of a divisible course of conduct.

Peregrina relies on I.C. § 19-2520E which provides that defendants may only be subject to one enhancement when multiple crimes arose out of an indivisible course of conduct. Peregrina argues that imposing two sentence enhancements under this statute without a jury finding that the crimes arose out of a divisible course of conduct violates the holding of the Supreme Court of the United States in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In that case, the Court held that any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. *Id.* at 476. *See also State v. McLeskey*, 138 Idaho 691, 698, 69 P.3d 111, 118 (2003).

Whether crimes arose out of an indivisible course of conduct is a factual question. *State v. Johns*, 112 Idaho 873, 882, 736 P.2d 1327, 1336 (1987). Where two crimes are committed, a finding that the crimes did not arise from an indivisible course of conduct would increase the maximum penalty for one of the crimes. Therefore, we hold that *Apprendi* requires that a defendant charged with two or more enhancements under I.C. § 19-2520 is entitled to a jury trial on the question of whether the underlying crimes arose from an indivisible course of conduct.

Our inquiry, however, does not end there. The next question is whether Peregrina waived this right by failing to request a jury instruction on the "course of conduct" issue.

We note that I.C. § 19-2520E does not prohibit charging more than one enhanced penalty even if the crimes charged all arose out of the same indivisible course of conduct. *McLeskey*, 138 Idaho at 697, 69 P.3d at 117. Rather, that statute only prohibits the imposition of more than one enhanced penalty where a person is convicted of two or more substantive crimes that arose out of the same indivisible course of conduct. *Id.* The Idaho Supreme Court recently stated, by way of dicta, that the issue of crimes arising out of an indivisible course of conduct is a statutory, fact-based defense that is waived by a valid guilty plea. *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009). Additionally, I.C.R. 30(b) provides that "no party may assign as error the giving of or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict." We conclude that, by failing to request an appropriate jury instruction on the divisibility of his course of conduct or to otherwise raise the issue before the district court, Peregrina waived his statutory defense that he could only be subjected to one sentence enhancement. Had he done so, the jury could have made a factual determination as to whether his crimes arose out of an indivisible course of conduct. However, Peregrina never raised the issue. Therefore, the district court did not err by sentencing him for both enhancements.

Peregrina argues that there was insufficient evidence presented at trial to support a finding that his crimes arose out of a divisible course of conduct. However, the divisibility of Peregrina's criminal conduct was not an element of the crimes charged by the state and Peregrina failed to raise this statutory defense. Peregrina also argues that his crimes did arise out of an indivisible course of conduct. However, Peregrina failed to raise this issue before the district court or to request an appropriate jury instruction. Therefore, he has waived this defense to the imposition of multiple sentence enhancements. Additionally, Peregrina contends that his defense was not waived because the state presented evidence at trial that the crimes arose out of an indivisible course of conduct. The state's presentation of evidence that the shootings occurred in rapid succession is not conclusive as to whether the crimes arose out of an indivisible course of conduct. If the facts at trial proved that the crimes arose out of an indivisible course of conduct, Peregrina had to request that an appropriate jury instruction be given so that a factual determination could be made by the jury.

4

We also take an opportunity to express that our holding today concerns only the issue of the nature of the defense provided by I.C. § 19-2520E and whether that defense is waived if not raised before the district court through a request for an appropriate jury instruction. We conclude that it is a fact-based, affirmative defense requiring a jury determination that is waived if not raised below. A defendant who is sentenced to multiple enhancements for crimes that arose out of an indivisible course of conduct and who has waived this defense due to the ineffective assistance of counsel may seek appropriate relief through an application for post-conviction relief.

### III.

### CONCLUSION

The state was not required to prove that Peregrina's crimes arose out of a divisible course of conduct. Idaho Code Section 19-2520E provided Peregrina with a statutory, fact-based defense to the imposition of multiple enhancements which he had to raise before the district court. Whether two crimes arose out of an indivisible course of conduct is a factual question which must be determined by a jury. However, Peregrina failed to raise this defense before the district court or request an appropriate jury instruction on this issue, thereby waiving this defense to the imposition of multiple enhancements. Therefore, the district court did not err by sentencing Peregrina to multiple enhancements as found by the jury. Accordingly, Peregrina's judgment of conviction for two counts of aggravated battery and unlawful possession of a firearm, with two enhancements for the use of a firearm, is affirmed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**