**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45189**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 459** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 18, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **ZACHARIAH CHARLES PITTMAN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order regarding restitution, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Zachariah Charles Pittman appeals from the district court's order regarding restitution. He argues the district court erred by including $1,595.00 in restitution in its written judgment because the district court waived the restitution amount during Pittman's combined change of plea and sentencing hearing. Pittman also argues his plea agreement did not oblige him to pay restitution. The order regarding restitution is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a binding plea agreement under Idaho Criminal Rule 11, Pittman pleaded guilty to trafficking in heroin, Idaho Code § 37-2732B(a)(6)(A). Among other terms and conditions, the plea agreement stated that "Restitution shall be submitted within thirty (30) days by the State." At the combined change of plea and sentencing hearing, the district court

1

discussed court costs, a fine, and the amount of restitution Pittman would be ordered to pay. The district court noted the State had submitted a restitution request in the amount of $1,595.00 Pittman's counsel stated there was no objection, and the district court granted the restitution request. The district court then imposed courts costs in the amount of $285.50. Next, the district court discussed a mandatory $10,000.00 fine with the prosecutor. Summing up, the district court said, "I'm going to impose the court costs and I'm going to impose the mandatory fine of $10,000. I'm not going to impose anything else beyond that." Pittman, seeking clarification, asked, "So the 285.55 [sic] and then the 10,000?" to which the district court responded, "Yes." The district court's clerk sought further clarification, asking, "The restitution too?" to which the district court responded, "The restitution I ordered."

During Pittman's I.C.R. 35 motion hearing, Pittman's counsel told the district court Pittman wanted to file an objection to the restitution amount because the district court waived the restitution at the previous hearing. The district court reminded Pittman's counsel of the term from the plea agreement that restitution "shall be submitted" by the State and indicated it did not remember waiving restitution. Pittman's counsel also indicated he did not recall the district court waiving restitution. Pittman then filed an objection to restitution, arguing the district court waived "the state prosecutor's costs and narcotic enforcement costs." The objection also noted Pittman "signed off and agreed to restitution in the Rule 11 agreement." The district court[1] overruled Pittman's objection in a written order, stating (1) that Pittman agreed to restitution in the plea agreement; and (2) when the district court stated "I'm not going to impose anything else beyond that," it was referring only to the fine to be awarded and not to restitution. Pittman appeals from the district court's order regarding restitution.

## II.

## STANDARD OF REVIEW

Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990). Over questions of fact, we will not disturb the district court's finding unless it is clearly erroneous. *Wurdemann v. State*, 161 Idaho 713, 721, 390 P.3d 439, 447 (2017).

---

[1] A different district court judge issued this order.

# III.

## ANALYSIS

Pittman first argues the district court erred by ordering $1,595.00 in restitution in its written judgment because the district court waived the restitution amount during the change of plea hearing. To resolve Pittman's argument, we examine the district court's written judgment and the oral pronouncement of its sentence. Here, Pittman alleges ambiguity exists between the district court's written judgment, ordering $1,595.00 in restitution, and the district court's oral pronouncement not ordering that sum. While the district court's statement, "I'm not going to impose anything else beyond that," in isolation, is potentially ambiguous, the surrounding discussion in the transcript shows that the district court ordered restitution consistent with its written judgment. In particular, after Pittman's counsel stated there was no objection to the restitution, the district court said, "I will grant that request." Moreover, the district court clerk clarified restitution was owed at the end of the hearing with her question, "The restitution too?" to which the district court responded "The restitution I ordered." Because the transcript of the hearing shows the district court ordered restitution, the district court's written judgment ordering the payment of $1,595.00 in restitution was not clearly erroneous.

Pittman next argues the plea agreement did not oblige him to pay restitution. Pittman failed to advance this argument below. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, even if Pittman's argument was properly before this Court, Pittman acknowledged the restitution term in his plea agreement obliged him to pay restitution. At the change of plea and sentencing hearing, without the prompting of the district court, Pittman's counsel stated "we have no objection to the restitution since they already submitted it," referencing the term from the plea agreement. Pittman's counsel was aware of the amount of restitution the State sought when he stated that he had no objection to the restitution that had already been submitted. As a result, Pittman has waived any claim that he is not obligated to pay any restitution or the specific amount of restitution ordered. *See State v. Baruth*, 107 Idaho 651, 656, 691 P.2d 1266, 1271 (Ct. App. 1984) ("The failure to timely object acts as a waiver of that error.").

## IV.

## CONCLUSION

Because the transcript of Pittman's change of plea hearing shows the district court did not waive restitution, the district court did not commit clear error when it issued its written judgment ordering the payment of $1,595.00 in restitution. The district court's order regarding restitution is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.