**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39803**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 419 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 28, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| REX FLOYD RAMMELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge. Hon. Stephen J. Clark, Magistrate.

Order of the district court, on intermediate appeal from the magistrate division, affirming judgment of conviction for possession of unlawfully taken wildlife, affirmed.

Rex F. Rammell, Wyoming, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Rex Floyd Rammell appeals from the district court's intermediate appellate decision affirming his conviction for possessing unlawfully taken wildlife. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 30, 2010, Rammell killed a cow elk in the Tex Creek zone. Earlier that fall, Rammell was issued a tag to hunt elk in the Middle Fork zone. As a result of killing the elk in the wrong zone, Rammell was charged with possessing unlawfully taken wildlife, a misdemeanor, pursuant to Idaho Code § 36-502(b). The district court, in its opinion and order on appeal, noted the case's arduous procedural history:

1

On April 14, 2011, the State filed a Motion in Limine requesting a ruling by the magistrate court that Defendant would be "precluded from attempting to admit any evidence of his intent, anything that occurred after he was found in possession of the elk and any other immaterial matters, including but not limited to, events prior to 11/30/10 involving the Defendant and IDFG." The State argued that because the crime charged is a general intent crime, it does not require any specific intent.

On April 20, 2011, the magistrate court issued its Order on the State's Motion in Limine. The court ordered that "there shall be no evidence presented by the defendant concerning his intent or lack of intent to violate the law or his knowledge or lack of knowledge concerning elk hunting rules and regulations. Defendant shall not be permitted to introduce any evidence as to what Defendant alleges was stated to him by any representative of Sportsman's Warehouse or by anyone with regard to hunting law and regulations, including but not limited to the use of an elk 'A' tag."

On April 21, 2011, Defendant filed a Motion to Dismiss. Defendant argued the Criminal Complaint is insufficient as it "sets forth no statute or rule proscribing the manner in which the Defendant 'took' or 'killed' the animal unlawfully." Further, Defendant argued the Criminal Complaint is insufficient as no IDAPA violation was alleged and there was no reference to the 2010 Idaho Big Game Seasons and Rules publication. In response to Defendant's arguments, the State filed a Motion to Amend Complaint to include the relevant IDAPA citations and the Idaho Big Game Seasons and Rules 2010 brochure. The magistrate court granted the Motion to Amend on April 23, 2011, and on that same day the Amended Criminal Complaint was filed.

On April 25, 2011, the Defendant filed an objection to the State's proposed jury instruction concerning IDAPA 13.0.08255 and a Motion to Reconsider Admissibility of Intent Evidence. The Defendant argued that the jury should not be instructed that IDAPA 13.01.08255 stands alone as the state of Idaho law without instructing them "that the Department of Fish and Game's Idaho Big Game Seasons and Rules 2010, consistent with Idaho Code § 36-105(3)(c), 'shall be text of the [Department of Fish and Game's] proclamation' to hunters." The Defendant also argued that pursuant to the same statute, the magistrate court and the jury "'shall' take judicial notice of the 'proclamation, pamphlet, or brochure.'" The Defendant's argument for his Motion to Reconsider requested the magistrate court to reconsider its Order on the admissibility of intent evidence in light of the United States Supreme Court case *Staples v. United States*, 511 U.S. 600 ([1994]).

The State filed a 2nd Motion in Limine on April 25, 2011. The State requested a ruling by the magistrate court that the Defendant be precluded from calling any witnesses or introducing any exhibits at trial because the Defendant failed to respond to the State's discovery request regarding the identity of documents and witnesses the Defendant intended to introduce at trial. The State notes that although the Defendant did submit a purported witness and exhibit list and jury instructions by email, the email was not seen until 3 days before trial. The State also argued that the Idaho Big Game Seasons and Rules 2010 "should

be precluded on the ground that it presents a legal issue for the Court and not the jury."

On April 25, 2011, the magistrate court issued its Order on the various motions filed by the State and Defendant. The court noted that it previously "ruled that intent was irrelevant based upon the case law presented and its belief that mistake of law is not a defense to a general intent crime." The court further states that "this is a regulatory issue and the difference between malum in se and malum prohibitum crimes is applicable in this case. Regulatory crimes generally do not require any specific intent other than to do the act complained of." Regarding the burden of the State at trial, the court found that the State must prove "the underlying illegality in the taking of the animal to prove unlawful possession of the animal." The court explained that it allowed the complaint to be amended because "[t]he state is not charging a new offense rather the amendment more particularly points to the regulation making the taking of the animal illegal" and further noted that the amendment "does not impinge on Mr. Rammell's defense, but now focuses the issue more precisely." The court found the Defendant's Motion to Dismiss was not well founded based upon the Amended Complaint and the reasons for allowing it. Finally, the magistrate court addressed what it deemed to be applicable law in this case. Specifically, the court addressed the Defendant's argument that there was not sufficient notice. The court found that it could not "find sufficient incongruence between the regulations and the publication to invalidate the charges pending herein." It concluded that as the question of the applicability of the law is a question for the court, "in this case the Court finds little difference between the IDAPA regulations and that described in the publication. The IDAPA regulations being the actual regulations it is that which should be given to the jury. How that law applies to the facts of the case is the province of the jury."

On May 11, 2011, Defendant filed two motions and argued that the magistrate court lacked personal and subject matter jurisdiction to hear the case because "Rex Rammell is outside the de facto jurisdiction with proper standing in the de jure state of Idaho." The motions were heard and denied on May 25, 2011.

On May 31, 2011, Defendant filed an objection to jury instructions and a Motion to Reconsider. Defendant argued that he should be allowed to present his theory to the jury that he lacked the criminal intent or criminal negligence he alleges is required by law to be found guilty of the charged crime. The magistrate court issued its Order on Defendant's Motion to Reconsider on July 1, 2011. The magistrate court upheld its previous ruling on the intent issues, explaining again that case law clearly establishes that the crime that Defendant was charged with is a general intent crime which does not require proof of criminal intent or criminal negligence as argued by Defendant.

Jury trial in this matter was held on June 30, 2011 and the jury returned a guilty verdict. Defendant filed a notice of appeal on July 1, 2011. The matter came before this Court for hearing on January 23, 2012. . . .

The district court affirmed the rulings of the magistrate court. Rammell timely appealed.

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217.

Before trial, Rammell advised the court that he was proceeding on the theory that he lacked the criminal intent, or criminal negligence, necessary to sustain a conviction for possessing unlawfully taken wildlife. To support his theory, Rammell sought to admit into evidence a copy of Idaho Department of Fish and Game's brochure entitled "Idaho Big Game Seasons and Rules 2010" (2010 Big Game Rules). The trial court declined to admit the 2010 Big Game Rules, because possessing unlawfully taken wildlife is a general intent crime, and any evidence proffered by Rammell to show that he lacked the requisite intent to commit the crime was irrelevant.

The mental state that is required for the commission of a particular offense is determined by the language of the statute defining that offense. *State v. Broadhead*, 139 Idaho 663, 666, 84 P.3d 599, 602 (Ct. App. 2004). Whether criminal intent is a necessary element of a statutory offense is a matter of construction, to be determined from the language of the statute in view of its manifest purpose and design, and where such intent is not made an ingredient of the offense, the intent with which the act is done, or the lack of any criminal intent in the premises, is immaterial. *State v. Prather*, 135 Idaho 770, 774, 25 P.3d 83, 87 (2001).

As noted, Rammell shot and killed an elk in a management zone other than that for which he had a valid tag. The State charged him with possessing unlawfully taken wildlife in violation of I.C. § 36-502(b), which provides:

4

> Unlawful Possession. No person shall have in his possession any wildlife or parts thereof protected by the provisions of this title and the taking or killing of which is unlawful.

The language of I.C. § 36-502(b) does not expressly require the State to prove a particular type of intent to establish a violation of the statute. In this circumstance, where a criminal statute does not express a particular mental state or specific intent as an element of the crime, then the offense only requires general intent on the part of the perpetrator. *See State v. Fox*, 124 Idaho 924, 926, 866 P.2d 181, 183 (1993). Idaho Code § 18-114 requires that for every crime "there must exist a union or joint operation, of act and intent, or criminal negligence." The intent required by I.C. § 18-114 is not the intent to commit a crime, but is merely the intent to knowingly perform the interdicted act or by criminal negligence the failure to perform the required act. *Fox*, 124 Idaho at 926, 866 P.2d at 183. Therefore, a violation of I.C. § 36-502(b) requires no specific intent. It only requires general intent, namely, that a person knowingly possessed an animal protected under the statute, not that he or she intended to commit a crime. *See Fox*, 124 Idaho at 926, 866 P.2d at 183.

Here, Rammell does not argue that he did not kill an elk in the wrong hunting zone. His argument rests on the fact that he thought he was allowed to kill an elk wherever he wanted during open season. As the State notes, Rammell's argument is actually a defense of ignorance of the law. Ignorance of the law is not a valid defense. *Id*. Regardless of whether Rammell intended to violate the law, he still had the intent to possess the elk.

In fact, this exact question regarding the unlawful possession of an elk has already been decided by this Court. *See State v. Simpson*, 137 Idaho 813, 54 P.3d 456 (Ct. App. 2002) (holding that the "the magistrate did not err in refusing the defendants' requested jury instruction on mistake of fact" because I.C. § 36-502(b) does not require that the person have knowledge that the wildlife was taken unlawfully); *State v. Wimer*, 118 Idaho 732, 735, 800 P.2d 128, 131 (Ct. App. 1990) ("The state argued, correctly, that none of the offenses involved the element of a specific criminal intent."). The case law, and the analysis addressed above, inherently affects Rammell's remaining issues: (1) whether general intent is contrary to Idaho Code; (2) whether the trial court abused its discretion by failing to properly instruct the jury; (3) whether the trial court abused its discretion in refusing to admit Rammell's evidence; and (4) whether the trial

5

court erred by refusing to dismiss the case for a "lack of personal, territorial, and/or subject matter jurisdiction." Each issue will be discussed in turn.

## A.    General Intent

Rammell argues the doctrine of general intent is contrary to I.C. §§ 18-114, 18-115, and 18-201. Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

As noted, I.C. § 18-114 requires that for every crime "there must exist a union or joint operation, of act and intent, or criminal negligence." Rammell argues this section requires the State to prove either intent to commit the crime or criminal negligence. However, as explained by the Idaho Supreme Court in *Fox*, "the intent required by I.C. § 18-114 is not the intent to commit a crime, but is merely the intent to knowingly perform the interdicted act, or by criminal negligence the failure to perform the required act." *Fox*, 124 Idaho at 926, 866 P.2d at 183 (internal citations and quotations omitted). Therefore, we conclude that I.C. § 18-114 does not require the intent to commit the crime or criminal negligence when the statute is silent as to the defendant's mens rea.

A reading of I.C. §§ 18-115 and 18-201 also does not support Rammell's argument. Idaho Code § 18-115 states: "Intent or intention is manifested by the commission of the acts and surrounding circumstances connected with the offense." The intent described in I.C. § 18-115 simply must be connected to an act, nowhere in the statutory language is the intent required to be connected to a criminal act. As detailed by the Idaho Supreme Court in *Fox*, "Idaho Code § 18-201 provides a defense for '[p]ersons who committed the act or made the omission charged, under an ignorance or mistake of fact which disproves any criminal intent.'" *Fox*, 124 Idaho at 926, 866 P.2d at 183 (quoting I.C. § 18-201). The portion of I.C. § 18-201 that Rammell relies upon only protects a person if the criminal charge requires specific intent, in other words "criminal intent." Therefore, I.C. § 18-201 is not a viable defense to I.C. § 36-502(b) because the possessing of unlawfully taken wildlife is a general intent crime.

Lastly, Rammell argues that *Staples v. United States*, 511 U.S. 600 (1994), is applicable to the present case. On appeal, Rammell uses a singular line from the lengthy *Staples* decision: "silence on this point [the element of knowledge] by itself does not necessarily suggest that Congress intended to dispense with a conventional mens rea element, which would require that the defendant know the facts that make his conduct illegal." *Staples*, 511 U.S. at 605. However,

6

*Staples* does not stand for the proposition that the mens rea element is required in all cases, as Rammell contends. *See id.* at 620 (noting that the Court had not found any case law delineating the criteria for distinguishing between crimes that require a mental element and crimes that do not). Moreover, in *Staples*, the United States Supreme Court stated that its holding was a "narrow one." *Id*. at 619. Rammell has not provided any argument as to why his situation is analogous to that presented in *Staples*. The Court also gave great weight to the severe punishment attached to the crime at issue in *Staples*, possession of an unregistered machine gun. *See id.* at 620. ("[I]f Congress had intended to make outlaws of gun owners who were wholly ignorant of the offending characteristics of their weapons, and to subject them to lengthy prison terms, it would have spoken more clearly to that effect.").

**B.      Evidence**

Rammell claims that a conviction for possessing unlawfully taken wildlife requires proof of a specific criminal intent and the district court erred in upholding the decision to prohibit evidence regarding his intent. The trial court has broad discretion in the admission of evidence at trial, and its judgment will be reversed only when there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In its order the trial court stated:

> The Court had ruled that intent was irrelevant based upon the case law presented and its belief that mistake of law is not a defense to a general intent crime. In other words, the old saw that ignorance of the law is no excuse is as apropos in a fish and game case as a traffic offense. This is a regulatory issue and the difference between malum in se and malum prohibitum crimes is applicable in this case. Regulatory crimes generally do not require any specific intent other than to do the act complained of. In this case, the issue is whether the defendant possessed an unlawfully taken animal. Based upon this analysis, the Court

entered an order accordingly.[1]  ([Defense Counsel for Rammell] begrudgingly acknowledged the state of the law as to intent, but has created a sufficient record for purposes of appeal.)

The trial court also noted in a subsequent order on the motion to reconsider:

> Mr. Rammell continues to argue that the [2010 Big Game Rules] should be part of the evidence of the case.  This argument has more merit than the others presented.  The Court has reviewed the arguments, and it does not seem as if the publication adds anything to assist the jury in deciding this case.  Mr. Rammell now characterizes his error as a mistake of fact.  Unfortunately, he has failed to identify what fact was erroneous other than to argue that he thought he could legally kill the animal based upon his understanding of the law.  In fact, if the brochure is to be given equal weight with the regulations as the defendant argues it may very well add another ground for conviction rather than supplanting the IDAPA regulations.

Rammell specifically argues that he should have been allowed to admit into evidence the 2010 Big Game Rules.  Rammell contends that I.C. § 36-105(c) establishes that Idaho Department of Fish and Game must publish a pamphlet as the official text, and that the department made the 2010 Big Game Rules the official text.  Even if true, the purpose of Rammell introducing the 2010 Big Game Rules into evidence was to support his defense that he mistakenly believed he lawfully possessed the elk.  Thus, having determined that Rammell's confusion was not a defense to I.C. § 36-502(b), this Court concludes that the trial court did not abuse its discretion by refusing to admit Rammell's evidence pertaining to his intent.

## C.    Jury Instructions

Rammell next claims the jury was erroneously instructed.  Rammell argues that one of the jury instructions was "so confusing it effectively eliminated the elements of [criminal] intent and criminal negligence, contrary to Idaho Law."  Rammell further contends that the trial court erred by refusing to use his proffered instructions.  The question whether the jury has been

---

[1]    It appears another order was issued specifically addressing the State's motion in limine. However, that order, or the transcript from the hearing, is not a part of the appellate record.  It is the burden of Rammell as the appellant to furnish an adequate record on appeal.  *State v. Whiteley*, 124 Idaho 261, 267, 858 P.2d 800, 806 (Ct. App. 1993).  Full review of the decision not to exclude this evidence without the trial court's initial order or a transcript of the hearing is impaired.  Nevertheless, we are able to glean the nature of those documents from the parties' arguments and the trial court's subsequent orders.

properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). We review jury instructions as a whole because an ambiguity in one instruction may be made clear by other instructions, and an instruction that appears incomplete when viewed in isolation may fairly and accurately reflect the law when read together with the remaining instructions. *See State v. Adamcik*, 152 Idaho 445, 472, 272 P.3d 417, 444 (2012); *State v. Enno*, 119 Idaho 392, 405, 807 P.2d 610, 623 (1991); *State v. Ranstrom*, 94 Idaho 348, 352, 487 P.2d 942, 946 (1971).

The trial court, presiding over a criminal case, must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132. In other words, a trial court must deliver instructions on the rules of law that are "material to the determination of the defendant's guilt or innocence." *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). This necessarily includes instructions on the "nature and elements of the crime charged and the essential legal principles applicable to the evidence that has been admitted." *State v. Gain*, 140 Idaho 170, 172, 90 P.3d 920, 922 (Ct. App. 2004). Each party is entitled to request the delivery of specific instructions. However, such instructions will only be given if they are "correct and pertinent." I.C. § 19-2132. A proposed instruction is not "correct and pertinent" if it is: (1) an erroneous statement of the law; (2) adequately covered by other instructions; or (3) "not supported by the facts of the case." *State v. Olsen*, 103 Idaho 278, 285, 647 P.2d 734, 741 (1982).

The trial court gave the following instruction to the jury, which Rammell argues is contrary to Idaho law: "In every crime or public offense there must exist a union or joint operation of act and intent. The word 'intent' does not mean an intent to commit a crime, but merely the intent to perform the act complained of. In this case the intent to take [and/or] possess an elk." Rammell contends the jury instruction eliminated the elements of criminal intent and criminal negligence. We conclude this was a proper instruction on Idaho law because I.C. § 36-502(b) is a general intent crime and thus there was no need to instruct the jury on the elements of a specific intent crime or on criminal negligence.

Rammell also argues the jury was improperly instructed, resulting in Rammell being unable to present his defense to the jury. In charging the jury, the court must state to them all

9

matters of law necessary for their information. I.C. § 19-2132(a). Either party may present to the court any written charge and request that it be given. *Id.* "A defendant is entitled to an instruction where there is a reasonable view of the evidence presented in the case that would support the theory." *State v. Eastman*, 122 Idaho 87, 90, 831 P.2d 555, 558 (1992) (internal quotations omitted). *See also State v. Pearce*, 146 Idaho 241, 247, 192 P.3d 1065, 1071 (2008).

The trial court gave the following jury instruction:

> In order for an animal to be unlawfully taken the State must prove beyond a reasonable doubt the following:
> 1. That the animal was protected under the laws of the State of Idaho
> 2. That the animal was taken or killed in a manner in violation of the regulation or laws of the State of Idaho
> 3. That in this case the animal was taken or killed by an individual who did not possess a proper permit to take or kill the animal.

The trial court also instructed the jury on the applicable IDAPA language. Rammell requested the following instructions, which the trial court denied:

> In order for an animal to be unlawfully taken, the State must prove beyond a reasonable doubt the following:
> That the animal was taken or killed in a manner in violation of the regulation or laws of the State of Idaho as detailed in the "IDAHO BIG GAME Seasons and Rules 2010" brochure.

As noted, the trial court properly refused to accept into evidence the entire 2010 Big Game Rules brochure. Thus, the proposed instructions referencing the brochure were not appropriate. The instructions given adequately covered the applicable statutes and regulations, as well as the tag system language contained in the brochure.

Next, Rammell argues the following jury instruction was given in error: "[w]hen the evidence shows that a person voluntarily did that which the law declares to be a crime, it is no defense that the person did not know that the act was unlawful or that the person believed it to be lawful." Again Rammell is arguing that the State was required to prove that he had the specific criminal intent to unlawfully possess the game animal which, as stated above, was not required.

The jury instructions, as a whole, adequately described the elements of the charged crime and the required intent. The instructions Rammell submitted would have confused the jury and were not an accurate statement of the law. Thus, we conclude the trial court did not err in giving the instructions or for refusing to give Rammell's proposed instructions.

10

**D.      Jurisdiction**

Rammell claims that the trial court did not have subject matter or personal jurisdiction. Rammell argues that Article V, Section I of the Idaho State Constitution requires "every action prosecuted by the people of the state as a party" be against a person. Rammell specifically contends that "STATE OF IDAHO" is a corporation and, thus, the people of the state are not a party as required, and "REX F. RAMMELL" is a false designation, his name being Rex Floyd Rammell.

Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). In a criminal case, the filing of an information alleging that an offense was committed within the State of Idaho confers subject matter jurisdiction. *Id.* at 757-58, 101 P.3d at 701-02. The law at issue before the magistrate court was I.C. § 36-502(b). A violation to which is a misdemeanor. *See* I.C. § 1-2208(3)(a). The magistrate court had subject matter jurisdiction to try Rammell in this proceeding.

Furthermore, the Idaho Supreme Court has stated that "Idaho Code § 18-202 establishes the court's personal jurisdiction over all individuals who commit a crime in this state." *State v Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). Personal jurisdiction over Rammell was obtained upon his appearance in court on the complaint. *See id*. Thus, the magistrate court had jurisdiction over Rammell and the criminal matter in this case.

**III.**

**CONCLUSION**

Rammell has failed to demonstrate any error in the trial court or that the court lacked jurisdiction. Therefore, we affirm the district court's order, on intermediate appeal, affirming Rammell's judgment of conviction for possessing unlawfully taken wildlife.

Judge LANSING and Judge MELANSON **CONCUR.**

11